# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1365
No. 04-1970

_____

Youssef Sidikhouya,

    Petitioner,

v.

Alberto Gonzales, Attorney General
of the United States,

    Respondent.

*
*
*
*
*
*
*
*
*
*
*
*

On Petition for Review from
Board of Immigration Appeals

[PUBLISHED]

_____

Submitted: April 15, 2005
Filed: May 17, 2005

_____

Before LOKEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.

Youssef Sidikhouya, a citizen of Morocco, entered the United States on a visitor visa and did not leave when it expired. In December 2001, Sidikhouya was served with a notice to appear before an immigration judge (IJ) charging him with removability. Sidikhouya admitted the allegations in the notice to appear, conceded removability, and requested a voluntary departure. The IJ denied Sidikhouya's request for a continuance to allow time for a decision on his pending labor certification application, which would qualify him for relief from removal. The IJ ordered removal and granted voluntary departure. Sidikhouya appealed to the Board

of Immigration Appeals (BIA) in October 2002. In August 2003, Sidikhouya married a United States citizen and the next month, his wife filed a Form I-130 Petition for Alien Relative. In January 2004, the BIA affirmed the IJ's decision. On February 13, 2004, Sidikhouya sought reopening of his immigration proceedings before the BIA under 8 U.S.C. § 1229a(c)(6)(A), seeking an immediate relative visa petition with eligibility for the bona fide marriage exception, and a stay of voluntary departure. In support of his motion, Sidikhouya submitted documentary evidence to establish the legitimacy of his marriage. Sidikhouya's voluntary departure period expired the next day, on February 14, 2004. The next month, the BIA denied Sidikhouya's motion to reopen solely because Sidikhouya had overstayed his period of voluntary departure even though he had been warned an overstay would render him ineligible for relief from removal. Sidikhouya now petitions for review.

Sidikhouya contends the BIA should have granted his motion to reopen based on his bona fide marriage to a United States citizen. We have jurisdiction to review the BIA's denial of the motion to reopen for abuse of discretion. Guerra-Soto v. Ashcroft, 397 F.3d 637, 640 (8th Cir. 2005). Because Sidikhouya was served with a notice to appear in 2001, the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) applies to him. Under IIRIRA, an alien may adjust status based on marriage entered during deportation proceedings if the alien shows the marriage was bona fide. 8 U.S.C. § 1255(e)(3); see Patel v. Ashcroft, 375 F.3d 693 (8th Cir. 2004). Under 8 U.S.C. § 1229c(d), an alien who is permitted to depart voluntarily and fails to do so within the specified time period is ineligible for ten years for adjustment of status under § 1255, however. An alien has up to sixty days to voluntarily depart and up to ninety days to file a single motion to reopen at the conclusion of removal proceedings. Id. § 1229c(b)(2); id. § 1229a(c)(6)(C)(i).

Sidikhouya argues the BIA wrongfully rejected his motion based on an incorrect interpretation of Matter of Shaar, 141 F.3d 953, 956-57 (9th Cir. 1998) (holding pre-IIRIRA version of § 1229c(d), § 1252b(e)(2)(A), prohibits an alien who

has remained in the United States after the scheduled departure date from applying for adjustment of status, even if the alien sought reopening before departure date). Shaar has been revisited in Azarte v. Ashcroft, 394 F.3d 1278 (9th Cir. 2005). The court in Azarte noted that with the enactment of IIRIRA, motions to reopen were transformed from a regulatory to a statutory form of relief. Id. at 1283. Under current BIA interpretations, if an alien departs within his voluntary departure period, he forfeits any motion to reopen he may have filed because he is no longer within the United States. Id. at 1281 (citing 8 C.F.R. § 1003.2(d)(2004)). If an alien fails to depart within his voluntary departure period, he also forfeits any pending motion to reopen because he has violated his voluntary departure period and thus is no longer eligible to receive the underlying relief. Id. at 1282. Because the "BIA rarely if ever rules on a motion to reopen before an alien's voluntary departure period has expired, the interpretation serves to deprive aliens who are afforded voluntary departure of their statutory right to a determination on the merits of motions to reopen." Id. Thus, the court in Azarte concluded that under the BIA's interpretations, the large class of aliens who are granted voluntary departure are functionally deprived of their statutory right to file a motion to reopen. Id.

To give effect to both the voluntary departure and motion to reopen statutes, the Azarte court held that when a motion to reopen is filed within the voluntary departure period, the voluntary departure period is tolled during the time the BIA is considering the motion to reopen. 394 F.3d at 1289. Thus, the BIA abused its discretion in denying the petitioner's motion to reopen on the ground the petitioner had overstayed his voluntary departure period. Id. at 1280. In so holding, the court refused to apply Shaar because changes in both the statute and practice require a new interpretation. Id. at 1286-87; see Barrios v. Attorney General, 399 F.3d 272, 275 (3d Cir. 2005) (adopting same reasoning as Azarte to reject Shaar and grant petition for motion to reopen under pre-IIRIRA statute, § 1252b(e)). We agree with the view in Azarte that Sidikhouya must be afforded an opportunity to receive a ruling on the merits of his timely filed motion to reopen and hold the BIA abused its discretion in

-3-

denying Sidikhouya's motion to reopen solely on the ground that he had overstayed his voluntary departure period.

Sidikhouya also contends the IJ's denial of his continuance request violated 8 U.S.C. § 1255(i), citing Subhan v. Ashcroft, 383 F.3d 591 (7th Cir. 2004). We lack jurisdiction to review the IJ's discretionary denial of Sidikhouya's motion to continue his removal proceedings. Onyinkwa v. Ashcroft, 376 F.3d 797, 798 (8th Cir. 2004).

We thus remand this matter to the BIA for further proceedings consistent with this opinion.

LOKEN, Chief Judge, dissenting in part and concurring in the judgment.

The court adopts the holding of the Ninth Circuit in Azarte v. Ashcroft, 394 F.3d 1278, 1289 (9th Cir. 2005): "in cases in which a motion to reopen is filed within the voluntary departure period and a stay of removal or voluntary departure is requested, the voluntary departure period is tolled during the period the BIA is considering the motion." The Ninth Circuit panel in Azarte felt free to adopt this construction of the governing statutes because the BIA decision was not "a product of reasoned notice-and-comment rulemaking." Id. at 1285. I cannot agree with this undeferential interpretation of the governing statutes and regulations and therefore dissent from the adoption of the Azarte holding.

The voluntary departure regulations strictly limit the BIA's authority to extend the voluntary departure period on account of a pending motion to reopen:

> [T]he Board may reinstate voluntary departure in a removal proceeding that has been reopened . . . if reopening was granted prior to the expiration of the original period of voluntary departure. In no event can

the total period of time, including any extension, exceed . . . 60 days as set forth in [8 U.S.C. § 1129c(b)(2)].

8 C.F.R. § 1240.26(f). This regulation clearly implies that no extension of voluntary departure may be granted unless the motion to reopen is granted, a reasonable construction of the governing statutes given the policy that motions to reopen are not favored. Here, Mr. Sidikhouya filed a motion to reopen the day before his voluntary departure period expired. He could not realistically expect the BIA to consider and grant this motion in one day. Moreover, once his voluntary departure period expired, the BIA was barred *by statute* from granting the adjustment-of-status relief that Mr. Sidikhouya sought to obtain by his motion to reopen. See 8 U.S.C. § 1229c(d) (an alien who fails to voluntarily depart within the period specified is ineligible for "any further relief" under 8 U.S.C. § 1255). Thus, the BIA's decision to deny the motion to reopen because the voluntary departure had expired finds strong support in the governing statutes and regulations.

However, there is an aspect of this problem that leads me to agree with the court's remand to the BIA for further proceedings. Mr. Sidikhouya accompanied his motion to reopen with a motion to the BIA to stay the voluntary departure period. The BIA did not rule on this motion. The regulations do not address the question whether the BIA may toll or stay the voluntary departure period while it considers the merits of a motion to reopen. One answer might be no, based on 8 U.S.C. § 1129c(b)(2), which provides that "[p]ermission to depart voluntarily under this subsection shall not be valid for a period exceeding 60 days." But the BIA appears not to construe this as an absolute prohibition. In this case, for example, the January 2004 BIA order affirming the IJ's decision provided that Mr. Sidikhouya "is permitted to voluntarily depart from the United States . . . within 30 days from the date of this order," a period long after the sixty days granted by the IJ in September 2002. Thus, the BIA obviously believes it has authority to toll or stay the voluntary departure period during administrative appeals. I consider this a sensible rule, see Rife v. Ashcroft, 374 F.3d

-5-

606, 614-16 (8th Cir. 2004), but I cannot find authority for it anywhere in the agency's regulations.

If the BIA has the inherent power to toll or stay the voluntary departure period during the pendency of administrative appeals, does it have the same power during the pendency of motions to reopen? The regulations do not answer this question, the agency has not addressed it in this case or to my knowledge any other case, and the courts should not attempt to resolve it without agency guidance. Thus, I would remand this case with directions to rule on Mr. Sidikhouya's motion to the BIA for a stay of the voluntary departure period. If the motion is granted, presumably the BIA would address the merits of the motion to reopen. If it is denied, then the denial of the motion to reopen would presumably be reinstated, and we would have an opportunity to consider, with the benefit of the agency's views as to its own procedural authority, whether denial of the motion to stay is subject to judicial review.

_____