**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0891n.06
Filed: December 14, 2006

Nos. 05-4076/05-4453

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MANUEL MARTINEZ-ESPINO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ALBERTO GONZALES, | ) | |
| Attorney-General of the United States, | ), | |
| | ) | |
| Respondent. | ) | |

**BEFORE: Gilman and Griffin, Circuit Judges; and Heyburn, Chief District Judge.**[*]

JOHN G. HEYBURN II, Chief District Judge. In a consolidated appeal, Petitioner Manuel Martinez-Espino challenges both the denial of his motion to reopen by the Board of Immigration Appeals ("BIA") and the denial of his motion to reissue decision with new voluntary departure date. As is often true in immigration cases, this appeal involves a somewhat intricate procedural context. Nevertheless, for the reasons set forth below, we must deny Mr. Martinez-Espino's petitions for review.

I.

Martinez-Espino is a native and citizen of Mexico. He entered the United States without

---

[*] The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

admission or parole in May 1988. In January 1999, the former Immigration and Naturalization Service ("INS") filed a Notice to Appear ("NTA") with the immigration court, charging Martinez-Espino with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Martinez-Espino, through counsel, admitted the allegations contained in the NTA and conceded removability. The Immigration Judge found Martinez-Espino removable, and Martinez-Espino does not challenge that determination.

Martinez-Espino subsequently filed an application for cancellation of removal, alleging that his departure to Mexico with his family would present "exceptional and extremely unusual hardship" to his U.S. citizen daughter, Kelly Martinez-Garcia. On January 27, 2004, following a merits hearing on that issue, the Immigration Judge denied Martinez-Espino's application for cancellation of removal, but granted him voluntary departure.

On February 12, 2004, Martinez-Espino timely appealed that decision to the BIA. On April 7, 2005, the BIA dismissed Martinez-Espino's appeal. In that decision, the BIA affirmed the Immigration Judge's denial of cancellation of removal, but granted Martinez-Espino thirty days to voluntarily depart the United States for Mexico.

On May 6, 2005 – twenty-nine days after the BIA issued its decision – Martinez-Espino filed a motion to reopen that purported to present new evidence regarding Kelly's health and education status. At the same time, Martinez-Espino also filed a motion for stay of his removal and voluntary departure period during the pendency of his motion to reopen. On July 27, 2005, the BIA, in a one-member opinion, denied the motion to reopen. The BIA made no comment on Martinez-Espino's

voluntary departure period.

On or about August 24, 2005, Martinez-Espino filed a petition for review with this Court, arguing that the BIA denied his Fifth Amendment due process rights in the adjudication of his claim (No. 05-4076). Martinez-Espino also filed a motion for stay of removal and voluntary departure. On September 25, 2005, this Court issued a stay of removal, but referred the voluntary departure issue to a merits panel.

Following the BIA's July 27, 2005 denial of Martinez-Espino's motion to reopen, Martinez-Espino filed with the BIA a motion to reissue decision with a new voluntary departure date. On October 18, 2005, the BIA denied Martinez-Espino's motion. On November 15, 2005, Martinez-Espino filed a second petition for review with this Court, seeking review of the BIA's denial of his motion to reissue decision with a new voluntary departure date (No. 05-4453). This Court consolidated Martinez-Espino's two petitions for review.

II.

Martinez-Espino's first argument is that the BIA violated his Fifth Amendment due process rights by failing to toll his voluntary departure period during the pendency of his motion to reopen. Martinez-Espino asserts that three circuits agree with his position. Martinez-Espino principally relies upon *Azarte v. Ashcroft*, 394 F.3d 1278 (9th Cir. 2005), but also upon *Kanivets v. Gonzales*, 424 F.3d 330 (3d Cir. 2005) (agreeing with *Azarte*) and *Sidikhouya v. Gonzales*, 407 F.3d 950 (8th Cir. 2005) (same). In *Azarte*, *Kanivets,* and *Sidikhouya*, the BIA denied a merits hearing on motions to reopen where the petitioners had overstayed their voluntary departure

periods. *See Azarte*, 394 F.3d at 1281; *Kanivets*, 424 F.3d at 334; *Sidikhouya*, 407 F.3d at 951.

In each appeal, the Circuit reversed. Only the Fifth Circuit has held that the BIA is not required

to automatically toll an alien's voluntary departure period during the pendency of a motion to

reopen. *See Banda-Ortiz v. Gonzales*, 445 F.3d 387, 391 (5th Cir. 2006). It is important to note

here that an alien's failure to depart within a specified voluntary departure period has harsh legal

consequences: it automatically subjects that alien to a ten-year ban on seeking reentry into the

United States, as well as a civil penalty in the amount of $1,000 to $5,000. *See* 8 U.S.C. §

1229c(d). The ten-year ban also extends to applications for cancellation of removal, adjustment

of status, and other immigration benefits. *Id.*

In *Azarte*, the petitioner had sought cancellation of removal from an immigration judge.

*Azarte*, 394 F.3d at 1280. The immigration judge had denied cancellation but granted voluntary

departure. *Id.* The BIA affirmed the immigration judge's decision and permitted thirty days'

voluntary departure. *Id.* Seven days prior to the expiration of the thirty day voluntary departure

period, the petitioners filed a motion to reopen with the BIA. *Id.* at 1280-81. The BIA denied

the motion to reopen stating that since the petitioners had not departed within the voluntary

departure period, they were not eligible for relief. *Id.* at 1281. The Ninth Circuit reversed,

holding that "in cases in which a motion to reopen is filed within the voluntary departure period

and a stay of removal or voluntary departure is requested, the voluntary departure period is tolled

during the period the BIA is considering the motion." *Azarte*, 394 F.3d at 1289. The Ninth

Circuit reasoned that it would be "nonsensical" for Congress to provide an alien an opportunity

to file a motion to reopen without also tolling the voluntary departure order. *Id.* at 1288-89.

While *Azarte* certainly presents a reasonable analysis, we do not believe that it is necessary for us to decide its applicability in this circuit. The facts here are such that even if Martinez-Espino's voluntary departure period had been tolled, it still would have expired before he filed his petition for review in this Court. We leave to another panel in a more appropriate case the determination of whether this Circuit should adopt *Azarte*. Ultimately then, the question we must address here is whether the circuit court has the power to *extend* Martinez-Espino's voluntary departure period, because at the time his original petition for review (No. 05-4076) was filed with this Court on August 24, 2005, the original thirty day voluntary departure period had expired – whether it was tolled during the pendency of his motion to reopen or not.

The Sixth Circuit squarely addressed that issue in *Mullai v. Ashcroft*, 385 F.3d 635 (6th Cir. 2004), concluding that it lacked the authority to reinstate a BIA grant of a thirty-day period for voluntary departure. *Id.* at 639. We found that the authority to grant voluntary departure is vested by statute in the Attorney General, 8 § U.S.C. 1229c(a)(1), and that the text of the Illegal Immigrant Reform and Immigrant Responsibility Act and 1996 (IIRIRA) includes "provisions that preclude judicial review of the grant or denial of voluntary departure." *Mullai*, 385 F.3d at 640. That statute provides: "No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) of this section, nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure." 8 U.S.C § 1229c(f). Additionally, 8 U.S.C. § 1252(a)(2)(B)(i) provides

that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief

under . . . [8 U.S.C.] section 1229c [voluntary departure] . . . ." Thus, even if the Sixth Circuit

were to adopt the reasoning of the Ninth, Third, and Eighth Circuits, such a decision would not

help Martinez-Espino's situation: his voluntary departure period had expired by the time he filed

his original petition for review in this Court, and this Court lacks the power to reinstate a period

of voluntary departure. Therefore, this Court reserves for future judgment the question of

*Azarte*'s application in this circuit.

Finally, we must consider the BIA's denial of Martinez-Espino's request for a new

voluntary departure date. As the United States correctly argues, Martinez-Espino's effort to seek

a new voluntary departure date from the BIA was tantamount to a request to the BIA to *sua*

*sponte* reopen Martinez-Espino's proceedings, because Martinez-Espino was already numerically

barred from filing a second motion to reopen. *See* 8 U.S.C. § 1229A(c)(7)(A) ("An alien may

file *one motion to reopen proceedings* under this section . . . .") (emphasis added); 8 C.F.R. §

1003.2(c)(2). Because Martinez-Espino had exhausted his statutorily available appeals, the

decision of the BIA to reissue a decision with a new date is purely a discretionary decision and a

"measure of grace." *Firmansjah v. Ashcroft*, 347 F.3d 625, 627 (7th Cir. 2003). This Court has

no jurisdiction to review such discretionary decisions. *See* 8 U.S.C. § 1252(a)(2)(B).]

III.

Martinez-Espino's second and third grounds of appeal are that the BIA both used an

improper standard in analyzing his motion to reopen and improperly considered the evidence he

presented as part of his motion to reopen. The denial of a motion to reopen is reviewed for abuse of discretion. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). This standard requires this Court to "decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (internal quotation marks and citations omitted). The Supreme Court has made clear that reopening is discretionary with the BIA and that the BIA retains broad discretion to grant or deny such motions. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). Because the BIA has such broad discretion, a party seeking reopening or reconsideration bears a "heavy burden." *Id.*

On this record, this Court is unable to find that the BIA abused its discretion in denying the motion to reopen. In its decision on the motion to reopen, the BIA specifically discussed the evidence of Kelly Martinez-Garcia's health and educational problems. J.A. at 58. Some of this evidence presented to the BIA as part of the motion to reopen was presented to the Immigration Judge at the merits hearing on Martinez-Espino's motion for cancellation of removal, or was available to be presented at that time. J.A. at 76-82. In its decision on the motion to reopen, the BIA specifically acknowledged that "evidence of medical problems was of record at the time of the original hearing." J.A. at 58. Furthermore, the BIA discussed the evidence Martinez-Espino had submitted regarding the state of children's health care in Mexico and concluded that "no evidence has been submitted showing that adequate treatment, care, and therapy are unavailable

in Mexico." *Id.*[2] The BIA provided a rational explanation for its decision that does not represent

an inexplicable departure from existing polices or decisions. Martinez-Espino has not met his

"heavy burden" in establishing that the BIA abused its discretion in his case.

IV.

Finally, Martinez-Espino argues that the BIA deprived him of his due process rights by

assigning his motion to reopen to a one-member panel. Martinez-Espino cites no authority for

the proposition that Fifth Amendment due process includes a constitutional right to a three-

member BIA panel, and this Court's precedent strongly supports the contrary view. *Cf. Ramaj v.*

*Gonzales*, 466 F.3d 520, 526 (6th Cir. 2006) ("concluding that the BIA's streamlining procedures

[which provide for summary affirmance without opinion by a single BIA member] do not

themselves alone violate an alien's rights to due process" (quoting *Denko v. I.N.S.*, 351 F.3d 717,

730 (6th Cir. 2003))). The regulation Martinez-Espino cites in support of his claim does not

guarantee a three-member BIA panel as a matter of right. It reads: "Panel decisions. Cases *may*

*only be assigned* for review by a three-member panel if the case presents one of these

circumstances . . . ." 8 C.F.R. § 1003.1(e)(6) (emphasis added). The regulation then lists a

---

[2] Martinez-Espino argues that the BIA "denied [his] Fifth Amendment Due Process rights by failing to consider the independent evidence [he] submitted with his Motion to Reopen showing that there are ongoing problems with children's health and education in Mexico." Pet. Brf. 8. However, the independent evidence submitted – the 2004 U.S. Department of State Country Report on Human Rights Practices for Mexico – does not support Martinez-Espino's contention that treatment, care, and therapy for unhealthy children is "unavailable." While the report indeed indicates that "problems in children's health and education remained," J.A. at 165, the BIA could nonetheless rationally conclude that children's health care was not "unavailable."

variety of circumstances under which a three-member panel is appropriate, including "[t]he need to review a clearly erroneous factual determination by an immigration judge . . . ." 8 C.F.R. § 1003.1(e)(6)(v). Martinez-Espino overstates the import of this regulation: while it *allows* the BIA to assign only certain types of cases to three-member panels, it does not *mandate* such assignment, and it certainly does not establish a constitutional right to the same. In any case, Martinez-Espino has not established that the immigration's judge factual determination was "clearly erroneous."

For the foregoing reasons, Manuel Martinez-Espino's petitions for review of the BIA orders in Case Nos. 05-4076 and 05-4453 are hereby DENIED.