[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

No. 08-15300
Non-Argument Calendar
_____

Agency No. A079-474-593

CLAUDIA PATRICIA POTES IBANEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 15, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Claudia Patricia Potes-Ibanez, proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her counseled motion to remand her case for adjustment of status based on her marriage to a United States citizen during removal proceedings. The BIA treated her motion to remand as a motion to reopen and found that she had failed to present clear and convincing evidence that her marriage was bona fide. However, the BIA, in its order, failed to address Potes-Ibanez's approved I-130 visa petition, which was primary evidence of eligibility for the bona fide marriage exemption. We therefore GRANT her petition, VACATE the BIA's order, and REMAND for further consideration.

## I. BACKGROUND

In October 2000, Potes-Ibanez, a Colombian citizen, entered the United States on a non-immigrant student visa, which authorized her to stay in the United States until 5 July 2004. On 8 July 2004, the Department of Homeland Security ("DHS") issued her a notice to appear ("NTA"), in which she was charged with removability as an alien who remained in the United States for a time longer than permitted, pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). On the same date, her father and mother were issued NTAs charging them with overstaying their visas.

Potes-Ibanez's father filed a counseled application for asylum and withholding of removal under the Immigration and Naturalization Act ("INA"),

2

and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, and included Potes-Ibanez, her mother, and her sister in the application.[1]  In July 2006, an immigration judge ("IJ"), after holding a hearing, denied the application and ordered the family removed to Colombia.  After they timely appealed, the BIA affirmed the IJ's decision in February 2008.  The family filed a motion requesting that the BIA reconsider its decision and stay removal, which the DHS opposed.

In May 2007, while the family's appeal to the BIA was pending, Potes-Ibanez filed a counseled motion to sever her case from her parents' case and to remand to the IJ.  In her motion, she asserted that: (1) she had married a United States citizen, Christopher Freimuth, on 23 September 2006; (2) Freimuth had filed a Form I-130 Petition for Alien Relative ("I-130") on her behalf, which the United States Citizen and Immigration Service approved on 23 March 2007; and (3) she had submitted an I-485 application to adjust her status to that of a permanent resident.  She submitted several documents in support of her motion, including her and Freimuth's marriage certificate, both of their birth certificates, proof of the dissolution of his former marriage, their G-325A biographical-information forms,

---

[1] The sister's case was later severed because she was 21 years old, the spouse of a U.S. citizen, and had a pending I-130 visa petition for an alien relative.

her I-485 application to adjust status, and the notice indicating approval of Freimuth's I-130 petition on behalf of Potes-Ibanez.[2]

The BIA granted Potes-Ibanez's motion to sever but denied her motion to remand for consideration of her application for adjustment of status.[3] It also noted that the DHS had not responded to Potes-Ibanez's motion. The BIA treated her application as a motion to reopen for adjustment of status based on a marriage entered into subsequent to the onset of removal proceedings. It listed the evidence Potes-Ibanez had submitted, including her marriage certificate, certificate of dissolution of her spouse's former marriage, her and Freimuth's birth certificates, her I-485 application, evidence showing that she was admitted into the United States in 2000, and copies of her passport and I-94 form. The BIA's discussion, however, contains no reference to her approved I-130 application. The BIA found that Potes-Ibanez had not provided the kind of "clear and convincing evidence" required under 8 C.F.R. § 204.2(a)(1)(iii)(B) for eligibility for the bona fide marriage exemption.[4] Administrative Record ("AR") at 3. Since she had not met

_____

[2] Their G-325A biographical-information forms showed identical current addresses since October 2006, which matched the address listed on Potes-Ibanez's I-485 application.

[3] As part of the same order, the BIA denied her family's motion to reconsider and stay the proceedings. That portion of the order is not relevant to this appeal.

[4] As examples of what evidence she could have presented, the BIA mentioned "documentation showing joint ownership of property, a lease showing joint tenancy of a common residence, documentation showing commingling of financial resources, or affidavits of third parties having knowledge of the bona fides of the marital relationship." AR at 3.

this requirement, the BIA denied her motion. Potes-Ibanez petitions us for review of this decision.

## II. DISCUSSION

On appeal, Potes-Ibanez asserts that the BIA should have granted her motion to reopen because the evidence she submitted with her motion established that her marriage was bona fide. She asserts that the approval notice for an I-130 petition filed on her behalf by Freimuth, their marriage certificate, and the I-485 adjustment-of-status application provide the "clear and convincing evidence" necessary for the bona fide marriage exemption. Additionally, Potes-Ibanez maintains that we should not remand her case to the BIA because the "rare circumstances" exception is applicable.[5]

We review only the BIA's decision unless it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Since the BIA issued its own opinion and did not adopt the opinion or reasoning of the IJ, we review only the BIA's decision. See id. Courts generally look at the substance of a motion to remand to determine how it should be treated on appeal. See id. at 1301. If the motion reiterates the remedy requested in the original appeal, it is

---

[5] Her statement of issues references a due process violation with respect to the BIA's dismissal. However, she offers no argument on this issue and therefore has abandoned it. See Bayro v. Reno, 142 F.3d 1377, 1379 (11th Cir. 1998) (per curiam) (finding a party to have abandoned an issue when they listed it "as an issue for appellate review but [did] not discuss that question in their argument").

5

considered part of that appeal. See id. However, "if a motion to remand seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen under 8 C.F.R. § 3.2(c)." Id. Because Potes-Ibanez's motion to remand introduced evidence that had not been presented previously, we treat it as a motion to reopen.

"We review the BIA's denial of a motion to reopen for abuse of discretion." Montano Cisneros v. U.S. Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008) (citation omitted). Our review of such a denial "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary and capricious." Id. (quotation marks and citation omitted).

An alien's motion to reopen removal proceedings must state new facts that the alien would prove at a removal hearing and must be "supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam) (quotation marks and citation omitted). As a result, the BIA has broad discretion to grant or deny such a motion. See Al Najjar, 257 F.3d at 1302. We have identified at least three bases upon which the

6

BIA could deny a motion to reopen: "(1) failure to establish a prima facie case [of eligibility for adjustment of status]; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." Id. The BIA has held that it has the discretion to grant a properly filed motion to reopen where the following five factors are present:

> (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by Matter of Shaar, 21 I.&N. Dec. 541 (BIA 1996), or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the [petitioner's] marriage is bona fide; and (5) [DHS] either does not oppose the motion or bases its opposition solely on Matter of Arthur, [20 I.&N. Dec. 475 (BIA 1992)].

In Re Velarde-Pacheco, 23 I.&N. Dec. 253, 256 (BIA 2002).

Under the INA, the Attorney General has the discretion to adjust the status of an alien to that of a lawful permanent resident if: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). The INA further provides that "any citizen of the United States claiming that an alien is entitled . . . to an immediate relative status . . . may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i). The term "immediate relative" as used in that provision

7

includes "children, spouses, and parents of a citizen of the United States." 8

U.S.C. § 1151(b)(2)(A)(i). When an alien marries a U.S. citizen, the citizen spouse

may file a I-130 petition to establish the existence of a legal relationship between

the spouse and the alien. See Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191,

1194 n.6 (11th Cir. 2008). "If the beneficiary is the spouse of an United States

citizen, as here, then the approved I-130 provides the evidentiary basis for the

beneficiary's adjustment of status via Form I-485, Application to Register

Permanent Residence or Adjust Status." Id.

An alien seeking an immigrant visa based on a marriage entered into during

the pendency of "administrative or judicial proceedings . . . regarding the alien's

right to be admitted or remain in the United States" generally is not eligible for a

status adjustment under 8 U.S.C. § 1255(a). 8 U.S.C. § 1255(e)(1)–(2). However,

the statute exempts from this bar any alien who can "establish[] by clear and

convincing evidence to the satisfaction of the Attorney General" that her marriage

was bona fide and not entered into solely "for the purpose of procuring the alien's

admission as an immigrant." 8 U.S.C. § 1255(e)(3). An approved I-130 petition

based upon the marriage in question "will be considered primary evidence of

eligibility for the bona fide marriage exemption."[6] 8 C.F.R. § 1245.1(c)(8)(v)

---

[6] This regulation involves the adjustment of status for aliens already residing in the United States. See id. We held a prior version of § 1245.1(c)(8), which addressed the unrelated issue of the adjustment of status for arriving aliens, invalid. See Scheerer v. U.S. Att'y Gen.,

8

(2008).  An applicant who submits an approved petition would need to provide additional evidence to establish that her marriage was bona fide only if the district director found such evidence necessary and ordered her to provide it.  See id.

When addressing an appeal from a decision in which the BIA did not address a particular issue that a petitioner raised before it, "the proper course, except in rare circumstances, is to remand to the [BIA] for additional investigation or explanation."  See Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (quotation marks and citation omitted).  We have found this "rare circumstances" exception to apply when the relevant issue involves a question of procedure rather than fact because the usual deference to the BIA's expertise on matters of fact would not be relevant to that issue.  See id. at 1330.

Because Potes-Ibanez submitted a copy of the approved I-130 visa petition to the BIA, she provided "primary evidence" of her eligibility for the bona fide marriage exemption as contemplated under the relevant regulations.  8 C.F.R. § 1245.1(c)(8)(v).  Nevertheless, the BIA found that she had not provided the kind of documentation necessary to make out a prima facie case of eligibility for the bona fide marriage exemption.  Though the BIA listed a number of possible documents that it would have found to be clear and convincing evidence, it did not

513 F.3d 1244, 1248 (11th Cir. 2008); see also Vakker v. Att'y Gen., 519 F.3d 143, 145 n.1 (3d Cir. 2008) (noting that this prior version had been replaced by an unrelated regulation).

9

mention the approved I-130 petition nor did it make an effort to discuss the evidentiary standards provided in § 1245.1(c)(8)(v).[7]

The government maintains that since § 1245.1(c)(8)(v) treats an approved I-130 petition as "primary evidence" of the bona fides of a marriage but does not specify that it would be "clear and convincing evidence" of the same, the BIA acted within its discretion in finding that the petition here did not meet the latter standard. See Velarde-Pacheco, 23 I.&N. Dec. at 256 (noting that the BIA has discretion to reopen only when there is "clear and convincing evidence indicating a strong likelihood that the [petitioner's] marriage is bona fide"); 8 C.F.R. § 1245.1(c)(8)(v). We disagree. Section 1245.1(c)(8)(v) indicates that an approved I-130 petition would be sufficient to trigger the bona fide marriage exemption except when the district director, who is in charge of approving the petition, determines that supporting information is needed. See 8 C.F.R. § 1245.1(c)(8)(v). Only when the director makes this finding would the alien need to produce "evidence which clearly and convincingly establishes that the marriage was entered into in good faith." Id. The regulation therefore implicitly assumes that an approved I-130 petition on its own would be "clear and convincing

_____

[7] Furthermore, the BIA's discussion of potentially corroborating documents would not fall under the portion of 8 C.F.R. § 1245.1(c)(8)(v) addressing the finding that an alien needed to submit additional documentation, since that language refers only to determinations made by the district director. See 8 C.F.R. § 1245.1(c)(8)(v).

evidence" of eligibility for the bona fide marriage exemption, apart from those instances in which the director required the alien to submit additional evidence. See Patel v. Ashcroft, 375 F.3d 693, 696 (8th Cir. 2004) (noting that "the approved visa petition normally suffices to qualify for the [bona fide marriage] exemption").

The government also cites language from a number of cases indicating that "approval of the I-130 petition does not automatically entitle the alien to adjustment of status as an immediate relative of a United States citizen." Agyeman v. INS, 296 F.3d 871, 879 (9th Cir. 2002) (citing INS v. Chadha, 462 U.S. 919, 937, 103 S. Ct. 2764, 2777 (1983)). It maintains that, based on this rule, the BIA has the discretion to decide what evidence is sufficient to establish eligibility for the exemption. However, that principle "refers to the IJ's ultimate discretionary decision to accord or deny the status after examining the merits of an eligible alien's application," rather than the issue of whether an alien has met her evidentiary burden for eligibility for the exemption. Patel, 375 F.3d at 697; see also Agyeman, 296 F.3d at 879 (noting that although an approved I-130 would "establish[] eligibility for status, the Attorney General — or in the context of deportation proceedings, the IJ — must still decide to accord the status"). Since here the BIA addressed solely the issue of Potes-Ibanez's eligibility for adjustment of status, which would not implicate this discretionary principle, those cases do not support the government's argument. Only the IJ therefore has the authority to

adjust Potes-Ibanez's status. The BIA's role is limited to determining whether she met the eligibility requirements for a status adjustment, in this case by looking at her eligibility for the bona fide marriage exemption, a finding it must base solely on the applicable regulatory standards.

Because Potes-Ibanez submitted notice of approval of her I-130 petition as part of her motion to reopen and the regulations would consider this "clear and convincing evidence" of eligibility for the bona fide marriage exemption, the BIA had to address this document in examining her eligibility for a status adjustment. We therefore find that the BIA abused its discretion when it determined that Potes-Ibanez had not made out a prima facie case for eligibility for the bona fide marriage exemption without discussing her approved I-130 petition. In this case, we deem it appropriate to vacate the BIA's order and remand to the BIA, since it has not had the opportunity to consider the effect of this petition on her motion to reopen for adjustment of status. See Calle, 504 F.3d at 1329.

### III. CONCLUSION

Potes-Ibanez petitions us for review of the BIA's denial of her motion to remand or reopen her case for adjustment of status. We conclude that the BIA abused its discretion in denying her motion without considering her submission of the notice of approval of her I-130 application, even though such a notice is considered primary evidence of eligibility for the bona fide marriage exemption to

12

the bar on status adjustments.  Accordingly, we GRANT her petition for review,

VACATE the BIA's order, and REMAND for further consideration.

**PETITION GRANTED; VACATED AND REMANDED.**