NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0574n.06

No. 09-3787

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 31, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| CISSY LYAGOBA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW OF THE |
| v. | ) | DECISION OF THE BOARD OF |
| | ) | IMMIGRATION REVIEW |
| ERIC H. HOLDER, JR., Attorney General | ) | |
| of the United States, | ) | |
| | ) | |
| Respondent. | ) | |

Before: SILER and GIBBONS, Circuit Judges; REEVES, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner Cissy Lyagoba seeks reversal and remand of the decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings and, in the alternative, reissuance of its decision, *inter alia*, granting Lyagoba voluntary departure. For the following reasons, we deny the petition for review.

I.

Lyagoba is a native and citizen of Uganda who was placed into deportation proceedings as an alien who remained in the United States longer than permitted. Represented by counsel, she filed applications for asylum and withholding of removal, which an immigration judge ("IJ") denied after a hearing on January 12, 1999, because he found her not to be credible. At the same time, the IJ granted Lyagoba the privilege of voluntarily departing the United States by June 1, 1999. The BIA

_____

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

affirmed the IJ's decision on December 26, 2002, in a *per curiam* opinion and gave Lyagoba thirty

days to voluntarily depart the United States. Lyagoba did not seek further administrative or judicial

review of the BIA's final order of deportation.

The BIA mailed its decision to Lyagoba's attorney, Douglas Weigle, who did not notify

Lyagoba until August 6, 2003. By letter, counsel notified Lyagoba that "[w]hile I was out of town,

the Board sent me a copy of your decision issued back in December. . . . This closes the

administrative appeal on your case and [the] time to go to federal court or depart voluntarily has

expired. Unless you have new facts to seek some new relief, your case is over. . . . Please let me

know how you wish to proceed." The letter included the BIA's two-paragraph *per curiam* order.

The body of counsel's letter did not advise Lyagoba of further steps she could take and it is unclear

whether the BIA's decision on the merits of Lyagoba's underlying claims was accompanied by a

notice of her appellate rights.

While her appeal was pending, Lyagoba began a relationship with a fellow asylum seeker

from Uganda, Grace Mbeine, and when she moved in with him in 1999, she updated her address

with the BIA. Mbeine was granted asylum in October 2001. According to Mbeine, the two

considered themselves married because, under Ugandan custom, cohabitation is enough to create a

binding marital relationship. When they learned that their marriage was not recognized in the United

States, Lyagoba and Mbeine were married in Hamilton County, Ohio, in April 2002. Lyagoba has

one child from a prior marriage who is a United States citizen and had a child with Mbeine in the

United States.

Mbeine, represented by attorney Bryan Scott Hicks, became a permanent resident in 2005. According to Mbeine, Hicks did not advise him that Lyagoba could apply for derivative benefits through Mbeine. In February 2009, Immigration and Customs Enforcement agents arrested Lyagoba for purposes of deportation. She sought the assistance of another attorney and, on April 2, 2009, through that attorney, filed an emergency motion to reopen, and in the alternative, to reissue the BIA's December 26, 2002, order allowing her to voluntarily depart the United States. Lyagoba asserted the ineffectiveness of both Weigle and Hicks as the basis for relief. The motion and accompanying request for a stay of removal contained, *inter alia*, the August 2003 letter from Weigle, the retainer agreement between the two, Mbeine's bar association complaints against Weigle and Hicks, and an affidavit from Mbeine stating that he was granted lawful permanent resident status on March 1, 2005, and was eligible to apply for citizenship as of January 2010.

On June 24, 2009, the BIA denied Lyagoba's motion as untimely. Relying on *Tapia-Martinez v. Gonzales*, 482 F.3d 417 (6th Cir. 2007), the BIA determined that although Lyagoba established prejudice, for purposes of reissuance, from her attorney's failure to notify her of the December 2002 BIA order in a timely fashion, she was not entitled to reissuance of that decision because she failed to exercise due diligence in pursuit of her ineffective assistance of counsel claim. The BIA found that Lyagoba was aware of her attorney's ineffective assistance when she received his letter in August 2003. However, she took no action to pursue her claim until February 2009 and thus did not exercise due diligence as required by governing precedent. The BIA also declined to equitably toll the time limit on Lyagoba's motion to reopen because she failed to show prejudice for reopening purposes. The BIA reasoned that, under 8 C.F.R. § 1208.21(b), Lyagoba would have been

unable to seek derivative benefits through Mbeine because the two were not married at the time

Mbeine was granted asylum on October 23, 2001. The BIA further indicated that Mbeine did not

file his application for adjustment of status to lawful permanent resident until February 20, 2003, and

that Lyagoba's evidence did not show when Mbeine was granted lawful permanent resident status.[1]

The BIA also reiterated that Lyagoba failed to exercise due diligence for purposes of the motion to

reopen. Lyagoba timely filed this petition for review.

II.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See INS v.
Doherty*, 502 U.S. 314, 323 (1992); *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007). The BIA

abuses its discretion when it decides a case "without a rational explanation, inexplicably departed

from established policies, or rested [its decision] on an impermissible basis such as invidious

discrimination against a particular race or group." *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir.

2006) (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)). "[R]eopening is

discretionary with the BIA and . . . the BIA retains broad discretion to grant or deny such motions."

*Alizoti*, 477 F.3d at 451 (citing *Doherty*, 502 U.S. at 323). "Because the BIA has such broad

discretion, a party seeking reopening . . . bears a heavy burden." *Id*. (quotation marks omitted).

---

[1]The BIA referred specifically to Mbeine's application for adjustment of status but did not mention Mbeine's affidavit, submitted in support of the motion to reopen. The affidavit indicated that Mbeine received permanent residency status on March 1, 2005.

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day period is subject to the following narrow exceptions:

> (1) where the BIA reopens the proceedings *sua sponte*; (2) where the parties agree to reopen the proceedings; (3) changed circumstances in the country of nationality of which there is new, material evidence that could not have been discovered or presented at the time of the original proceeding; and (4) certain *in absentia* decisions.

*Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (citations omitted). Lyagoba argues that the BIA abused its discretion by not equitably tolling the time for filing a motion to reopen on the basis of ineffective assistance of counsel.

The doctrine of equitable tolling provides that "the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Tapia-Martinez*, 482 F.3d at 422 (internal quotations and citations omitted); *see also Barry*, 524 F.3d at 724 (collecting cases applying equitable tolling to otherwise time-barred motions to reopen). Under *Barry*, we look to five factors in deciding whether to apply the doctrine of equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. (citing *Ajazi v. Gonzales*, 216 F. App'x 515, 518 (6th Cir. 2007)). Ineffective assistance of counsel may serve as a basis for applying equitable tolling. *Id*. A claim of ineffective assistance of counsel must satisfy two requirements: (1) compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988); and (2) a demonstration of prejudice. *Sako v. Gonzales*,

434 F.3d 857, 863 (6th Cir. 2006). *Matter of Lozada* requires that the petitioner provide the BIA

with an affidavit detailing the agreement with counsel and counsel's failings, inform counsel of the

allegations, and file disciplinary charges against counsel with the appropriate authority. 19 I. & N.

Dec. at 639. The prejudice prong requires the petitioner to "establish that, but for the ineffective

assistance of counsel, [s]he would have been entitled to continue residing in the United States."

*Sako*, 434 F.3d at 864.

In this case, Lyagoba asked the BIA to rescind its 2002 decision and to stay her deportation

so that she could appeal the decision and seek adjustment of status through her husband.[2] She based

this request on allegations with respect to the conduct of her original attorney Douglas Weigle. The

BIA found that Lyagoba was not prejudiced by her attorney's ineffective assistance because, under

8 C.F.R. § 1208.21(b), the spousal relationship must have existed at the time Mbeine was granted

asylum in order for Lyagoba to obtain derivative asylee benefits. Thus, Lyagoba could not have

obtained derivative benefits at the time of her attorney's ineffectiveness.

The BIA did not abuse its discretion in finding that Lyagoba failed to demonstrate prejudice.

Lyagoba argues that the BIA erred in treating Hicks's advice as irrelevant. For purposes of

---

[2]On June 14, 2010, Lyagoba submitted her husband's naturalization certificate to this court. The certificate states that Mbeine became a citizen on May 14, 2010. Title 8, Section 1252(b)(5)(A) of the United States Code requires that we "decide the petition [for review] only on the administrative record" before the BIA and we have held that we "cannot take judicial notice of facts . . . outside the administrative record," *Yinggui Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009) (quotation marks and citation omitted). Although we cannot consider the naturalization certificate for purposes of this appeal, we express no view as to whether, as indicated by the government's counsel at oral argument, Lyagoba has any grounds for relief in further proceedings before the BIA now that her husband is a citizen of the United States.

establishing prejudice, however, Hicks's advice *is* irrelevant. Although Lyagoba mentioned Hicks in her motion, she sought to establish the ineffective assistance of Weigle, who was her attorney. She submitted a disciplinary complaint against Weigle[3] and a copy of her fee agreement with him, in satisfaction of the first two *Lozada* requirements. Her filings make clear that Weigle's conduct is the basis for her relief.[4] Whatever Hicks may or may not have done in the course of representing Mbeine, it is clear that the BIA was correct to examine the harm that Weigle's actions or omissions caused in evaluating prejudice. Mbeine was granted asylum in October 2001, and the two did not marry until April 2002. Thus, Lyagoba could not have obtained derivative asylee benefits through Mbeine. 8 C.F.R. § 1208.21(b).

We also conclude that the BIA did not abuse its discretion in finding that Lyagoba failed to exercise due diligence in pursuing her claims. On one hand, Weigle never admitted to a mistake in failing to pursue an appeal and the *per curiam* BIA decision he included with his letter to Lyagoba did not inform her of her appellate rights. On the other hand, Lyagoba took no action with respect to her case until she was arrested. Assuming that the conduct of Hicks, her husband's attorney, is relevant to the due diligence inquiry, the BIA's failure to mention him does not amount to an abuse of discretion. Nor does consideration of Hicks's conduct require a finding of diligence by Lyagoba. The August 2003 letter notified her that while her attorney was "out of town," the BIA issued its

---

[3]Although filed by her husband on her behalf, the complaint makes clear that Lyagoba was the person represented.

[4]Lyagoba's motion says that she filed a complaint against Hicks; yet, the disciplinary complaint submitted is that of Mbeine, whom Hicks represented. Nowhere in the filings is there a suggestion that Hicks had an agreement with Lyagoba or undertook representation of her.

decision and the time for seeking review has expired, and that "[u]nless you have new facts to seek some new relief, your case is over." By August 2003, Lyagoba and Mbeine were married and this constituted a "new fact" that she could have used to try to obtain relief from deportation. Furthermore, she was aware that her attorney had failed to notify her of the BIA's decision for over seven months. "[T]he fact that counsel failed to petition for judicial review of the findings of the BIA does not automatically result in a denial of due process." *Sako*, 434 F.3d at 864. However, Lyagoba would have known from the delay between the BIA's decision and her attorney's letter that something was remiss. We have consistently held that petitioners fail to exercise due diligence when they wait for a lengthy period of time to file a motion to reopen after learning of grounds to do so. *See Barry*, 524 F.3d at 724 (holding that petitioner did not exercise due diligence when she waited three months to file a motion to reopen); *Tapia-Martinez*, 482 F.3d at 423 (finding that a fifteen-month delay between discovering counsel's deficient performance and filing a motion to reopen "cannot be considered due diligence"); *Ramirez v. Gonzales*, 247 F. App'x 782, 785–86 (6th Cir. 2007).

Here, the BIA considered the evidence in the record and its decision was not made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Haddad*, 437 F.3d 517 (quotation marks and citations omitted). Although she has made colorable arguments for relief, Lyagoba has not met the "heavy burden" required to overcome the BIA's "broad discretion to grant or deny" motions to reopen. *Alizoti*, 477 F.3d at 451. Because Lyagoba is unable to show prejudice from her attorney's ineffective assistance of counsel and did

not exercise due diligence in pursuing her claim once she learned of her counsel's ineffective assistance and the possibility of reopening her case, we find that the BIA properly denied her relief.

## III.

Lyagoba also contends that the BIA abused its discretion in denying her motion to reissue because she suffered ineffective assistance of counsel and urges us to reissue the decision granting her voluntary departure.

However, we lack "authority to reinstate a BIA grant of a thirty-day period for voluntary departure." *Martinez-Espino v. Gonzales*, 205 F. App'x 421, 424 (6th Cir. 2006) (citing *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004)). The *Mullai* court held that it lacked jurisdiction to reinstate voluntary departure where the voluntary-departure period granted by the BIA expired before the petitioner sought further relief. *Mullai*, 385 F.3d at 640. It reasoned that reinstating voluntary departure under these circumstances would "necessarily authorize a *new* opportunity to voluntarily depart, a function assigned to the Attorney General's office by 8 U.S.C. § 1229c and denied to the courts by 8 U.S.C. § 1229c(f) and § 1252(a)(2)(B)(i)." *Id.* (emphasis in original); *see also Martinez-Espino*, 205 F. App'x at 423–24. *Mullai* concluded that the authority to grant voluntary departure is vested in the Attorney General under 8 U.S.C. § 1229c and that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 "includes provisions that preclude judicial review of the grant or denial of voluntary departure."[5] *Mullai*, 385 F.3d at 640; *see also Singh v. Gonzales*, 451

---

[5]In relevant part, the statute provides: "No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . nor shall any court order a stay of an

F.3d 400, 410–11 (6th Cir. 2006) (holding that a "purely discretionary decision, unlike the determination of statutory eligibility, cannot be reviewed by the courts of appeals").

In this case, it is undisputed the Lyagoba's period for voluntary departure expired long before she filed her motion to reopen. Even if we tolled the thirty-day departure period until after she received the BIA's decision affirming the IJ on August 6, 2003, Lyagoba is not entitled to relief because the departure period expired in early September 2003. *See Martinez-Espino*, 205 F. App'x at 424 (emphasizing that the court lacked authority to reinstate voluntary departure where "even if Martinez-Espino's voluntary departure period had been tolled, it still would have expired before he filed his petition for review"). Because the voluntary departure period expired and the decision to grant voluntary departure is committed to the discretion of the Attorney General, the fact that Lyagoba may have complied with the procedural requirements for making out a claim of ineffective assistance of counsel under *Matter of Lozada* is irrelevant. Thus, we lack jurisdiction to reinstate Lyagoba's thirty-day voluntary departure period. *See also Akhtar v. Gonzales*, 406 F.3d 399, 409 (6th Cir. 2005).

## IV.

For the foregoing reasons, we deny the petition for review.

---

alien's removal pending consideration of any claim with respect to voluntary departure." 8 U.S.C. § 1229c(f). Further, 8 U.S.C. § 1252(a)(2)(B)(i) precludes "jurisdiction to review . . . any judgment regarding the granting of relief under" the voluntary departure subsection.