**AI FANG XIE, Ju Qin Wu, Petitioners,**

v.

**Alberto GONZALES, Attorney General, United States Department of Justice, Respondents.**

**No. 05–2795–ag.**

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

52

Stephen Singer, Barst & Mukamal, LLP, New York, NY, for Petitioners.

Karin Hoppmann, Assistant United States Attorney, (Paul L. Perez, United States Attorney, Tamra Phipps, Chief, Appellate Division, on the brief), United States Attorney's Office for the Middle District of Florida, Tampa, FL, for Respondents.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES, and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioners Ai Fang Xie and Ju Qin Wu, natives and citizens of the People's Republic of China, seek review of an order of the BIA affirming a decision by Immigration Judge ("IJ") Paul A. DeFonzo denying

petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Ai Fang Xie, Ju Qin Wu*, No. A 95 460 111/A 95 460 112 (B.I.A. May 10, 2005), *aff'g* No. A 95 460 111/A 95 460 112 (Immig. Ct. N.Y. City Sept. 4, 2003). We assume the parties' familiarity with the facts and the procedural history of this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). To establish eligibility for asylum, an applicant must show that he or she has suffered past persecution or has a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42). To qualify for mandatory withholding of removal, the applicant must show it is more likely than not that his or her "life or freedom would be threatened" upon removal to applicant's country of origin. 8 C.F.R. § 208.16(b). A past threat to petitioner's life or freedom creates a rebuttable presumption that the applicant's life or freedom will be threatened upon removal. *Id.* at § 208.16(b)(1).

Petitioners, who are husband and wife, claim on appeal that the IJ erred in finding that they would not be subjected to future persecution upon their removal to China. Petitioners claimed before the IJ that the birth of their two U.S.-born children would cause them to be persecuted by Chinese family planning officials. Be-

cause petitioners entered the United States separately prior to their marriage, they each raise different arguments regarding their alleged past persecution. Petitioner Xie argues that the IJ erred in making an adverse credibility determination regarding her testimony, and she challenges the IJ's finding that the Chinese government's requirement that she submit to gynecological exams and threats by Chinese officials regarding insertion of an IUD did not constitute past persecution. Petitioner Wu challenges the IJ's rejection of his past persecution claim arising out of his ex–girlfriend's forced abortion.

## Asylum

██ Because petitioners did not challenge the discretionary basis for the IJ's denial of their asylum application in their brief to this Court, they have waived any challenge to the IJ's discretionary denial of their asylum application. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

## Withholding of Removal

██ First, regarding petitioner Xie, the IJ did not err in finding that neither the Chinese government's requirement that Xie submit to mandatory gynecological examinations nor threats by Chinese officials to insert an IUD constituted past persecution of Xie. *See Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (citation and internal quotation marks omitted); *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (noting that persecution must rise above "mere harassment").

██ Second, regarding petitioner Wu, the IJ based his adverse credibility finding on (1) inconsistencies between Wu's testimony and three written statements

**54**

submitted by Wu, his father, and his ex-girlfriend regarding the date on which Chinese authorities began looking for Wu; (2) Wu's obtaining a notarial birth certificate four years before his departure for the United States; and (3) Wu's appearance on his family's household registration issued in January 2001, despite his claim to have fled his house in November 2000. Our review of the record suggests that, contrary to the IJ's finding, there are no factual inconsistencies between Wu's testimony and the written statements of either Wu or his father, *see* Joint Appx. 145–46, 397–98, 410, and we are skeptical that either the notarial birth certificate or the household registration provides a proper basis for finding Wu incredible. Absent these errors the only "specific, cogent reason" that bears a legitimate nexus to the IJ's credibility decision, *see Zhou Yun Zhang,* 386 F.3d at 74, is the fact that the statement of Wu's ex-girlfriend is silent regarding persecution of Wu by the Chinese authorities.

■ We therefore conclude that the IJ's reasoning as to Wu's credibility was almost entirely based on misstatements of fact and speculation, *Zhou Yun Zhang,* 386 F.3d at 74, and that, as a result, considering the record as a whole, we are not confident that the IJ would reach the same conclusion regarding Wu's past persecution absent the errors identified. Accordingly, Wu's petition as to his withholding of removal claim must be granted. *See Tu Lin v. Gonzales,* 446 F.3d 395, 401–02 (2d Cir.2006).

**CAT Relief**

■ We have considered petitioners' claim that they are entitled to CAT relief and find the claim to be without merit, because there is no evidence in the record indicating a likelihood that petitioners would be subjected to torture on return to China. *See, e.g., Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 & n. 20 (2d Cir. 2003).

**CONCLUSION**

For the foregoing reasons, the petition for review is **GRANTED** as to Wu's claim for withholding of removal and **DENIED** in all other respects. We remand for further proceedings with the suggestion that, because Wu's past persecution claim arises out of the alleged persecution of his ex-girlfriend, the BIA hold Wu's petition pending our *in banc* review of the BIA's recent decision in *In re S–L–L,* 24 I. & N. Dec. 1 (BIA 2006), *see Shi Liang Lin v. U.S.D.O.J.,* 416 F.3d 184 (2d Cir.2005), *reh'g in banc granted* Nov. 13, 2006; *see also Shou Yung Guo v. Gonzales,* 463 F.3d 109, 112–13 (2d Cir.2006).