# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1904

_____

Zhong Qin Zheng,          *
                                  *
            Petitioner,        *
                                  *
       v.                      * Petitions for Review of an Order
                                  * of the Board of Immigration Appeals.
Michael B. Mukasey, Attorney    *
General of the United States,      *
                                  *
           Respondent.      *

_____

Submitted: December 14, 2007
Filed: April 29, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

Zhong Qin Zheng, a native and citizen of the People's Republic of China, petitions for judicial review of a decision by the Board of Immigration Appeals (BIA) denying Zheng's second motion to reopen his removal proceedings. The motion included a request that Zheng be permitted to file a successive asylum application. The BIA held that the second motion to reopen was untimely and number-barred, that an alien under a final order of removal must successfully reopen before a successive asylum application may be considered, and that Zheng failed to show changed country conditions in China, a showing that must be made before an untimely or number-barred motion to reopen may be granted. "Because motions to reopen are disfavored,

our review for abuse of discretion is highly deferential." Zine v. Mukasey, 517 F.3d 535, 542 (8th Cir. 2008). Applying this deferential standard, we deny the petition for review.

Zheng entered the United States without valid entry documents in August 2000 and filed a timely application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). At the asylum hearing, he testified that he began practicing Falun Gong in his village in Fujian Province in January 1999, that the Chinese government banned the practice of Falun Gong in April 1999, and that he fled China in July 2000 after others in his local group were arrested and his mother reported that a summons to appear at the local police station had been delivered to Zheng's home. In support of this claim of political persecution, Zheng submitted two documents allegedly received from his mother in China after he arrived in the United States, a summons and an arrest warrant. The immigration judge found that Zheng's testimony "considered in its entirety, appears exaggerated, false, and not credible." In particular, the IJ found that the second document Zheng received from his mother "appears to be so exaggerated as to not only be unreliable, but also impeaches [Zheng's] story." On appeal, the BIA affirmed these credibility findings and the denial of all relief. Zheng did not petition for judicial review of this final agency action. Instead, he filed a motion to reopen the proceedings based solely upon his alleged Falun Gong activities, which the BIA denied as untimely in July 2004.

Zheng filed his second motion to reopen in November 2006, seeking to file a successive asylum application asserting for the first time that he has a well-founded fear of forced sterilization if returned to China because of the birth of his second child in the United States in August 2006 and an alleged increase in coercive enforcement of China's one-child policy.[1] In support of this claim of changed country conditions,

---

[1]For asylum purposes, forced abortion and forced sterilization constitute persecution on account of political opinion. See 8 U.S.C. § 1101(a)(42)(A).

Zheng submitted (i) an affidavit stating that family and friends in China have told him that "in the past year, the government has increased the use of forced abortions and sterilization;" (ii) a purported affidavit from his mother stating that Zheng's aunt and another neighbor were forcibly sterilized in 2005 after the birth of second children, that there "are many such examples in our hometown," and that village officials told her "they were already aware" that Zheng had two children in the United States and "he would be requested to be sterilized" if he returned; and (iii) the U.S. State Department's 2005 Country Report on Human Rights Practices for China reporting "continued . . . sporadic reports" of coercion and violation of citizen rights, and that where a couple had two children, "one parent was often pressured to undergo sterilization" but "enforcement varied."

In denying the motion to reopen, the BIA first noted that the birth of Zheng's two children in the United States was a change in personal circumstances. Such a change may warrant acceptance of a successive asylum application filed during the pendency of removal proceedings under 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4(a)(4)(i), but it is not a change in country conditions warranting the grant of an untimely or number-barred motion to reopen under 8 U.S.C. § 1229a(c)(7)(C)(ii) and 8 C.F.R. § 1003.2(c)(3)(ii). We subsequently upheld this interpretation of the statutes and regulations in Wen Ying Zheng v. Mukasey, 509 F.3d 869, 872 (8th Cir. 2007).[2] Turning to Zheng's showing of changed conditions or circumstances in China since his October 2002 asylum hearing, the BIA concluded:

> [T]he evidence reflects conditions substantially similar to those that existed at
> the time of his hearing, with the government officially prohibiting the use of
> force to compel persons to submit to abortion or sterilization, despite some

---

[2]As Judge Posner commented in Chen v. Gonzales, 498 F.3d 758, 760 (7th Cir. 2007), "It makes no sense to allow an alien who manages to elude capture by the immigration authorities for years after he has been ordered to leave the country, and has exhausted all his legal remedies against removal, to use this interval of unauthorized presence in the United States to manufacture a case for asylum."

reports of coercion by local authorities, and generally attempting to enforce compliance with the one-child policy through the use of economic incentives and sanctions and other administrative measures. . . . The mere existence of a policy under the local regulations of sterilization if a couple has two children does not demonstrate that such policy would be enforced in Fujian Province by physical coercion. This policy existed at the time of the respondent's hearing, and reports of some recent instances of coercion are no different from such reports at the time of the hearing below. The respondent's focus on reported forced sterilizations that occurred in Shangdong Province in 2005 are not relevant to his claim, without some evidence that Fujian Province likewise has increased its use of such practices in violation of official policy.

On appeal, Zheng emphasizes that the BIA denied his motion to reopen without expressly considering his mother's affidavit presenting evidence of recent forced sterilizations in Fujian Province. Therefore, he argues, the decision is contrary to Yang v. Gonzales, 427 F.3d 1117 (8th Cir. 2005), and Feng Ying Zheng v. Gonzales, 415 F.3d 955 (8th Cir. 2005), cases in which we remanded asylum denials because the BIA relied on State Department reports without fully considering the aliens' evidence that family members in Fujian Province were subjected to forced sterilizations or abortions for violating the one-child policy. Zheng concludes that the BIA abused its discretion in denying the motion to reopen and in not finding him eligible for asylum, withholding of removal, and relief under the CAT.

Our prior decisions in Feng Ying Zheng and Yang are not controlling because this case comes to us in a significantly different procedural posture. Feng Ying Zheng and Yang were direct appeals from the denial of asylum. Therefore, changed country conditions were not at issue. Rather, the issue was whether the BIA denied relief without considering evidence directly relevant to the aliens' claims. Here, on the other hand, the only question is whether the record supports the BIA's conclusion that Zheng failed to make an adequate showing of "changed circumstances arising in [China]" with "evidence [that] is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

-4-

Zheng's initial application did not seek asylum based upon a well-founded fear of persecution for non-compliance with China's one-child policy. Thus, the administrative record contains no specific evidence of the relevant conditions in Fujian Province before the October 2002 hearing, even though such evidence was clearly available, Zheng married a Chinese alien in this country before that hearing, and his wife testified at the hearing while pregnant with their first child. Regarding conditions in Fujian Province since the October 2002 hearing, Zheng relies primarily on his mother's affidavit, but that evidence suffers from two distinct flaws. First, it reported two recent forced sterilizations and asserted generally that, "In the past year, the China's family planning law is more strictly enforced in our hometown." That is not material evidence of *changed* circumstances when there is no evidence of local policies and practices prior to October 2002. Compare Habchy v. Gonzales, 471 F.3d 858, 867 (8th Cir. 2006). Second, the uncorroborated affidavit came from Zheng's mother, who provided a purported government document at the initial hearing that the IJ found to be "so exaggerated as to . . . be unreliable." The BIA was not required to credit the affidavit, particularly when it implausibly averred that local Chinese officials "were already aware" that Zheng had two children and no "legal status" in the United States, assertions that could have been corroborated.

Given the absence of specific evidence of changed conditions that was both material and not available in October 2002, the BIA did not abuse its discretion in concluding that "the evidence reflects conditions substantially similar to those that existed at the time of [the October 2002] hearing," a conclusion it has reached in a series of recent decisions addressing this same issue. See Matter of S-Y-G-, 24 I&N Dec. 247 (BIA 2007); Matter of C-C-, 23 I&N Dec. 899 (BIA 2006); see generally Matter of J-W-S-, 24 I&N Dec. 185 (BIA 2007). Therefore, the denial of Zheng's untimely and number-barred motion to reopen must be upheld. Accord Wang v. BIA, 437 F.3d 270, 273-75 (2d Cir. 2006). We deny the petition for review.

———————————————————