# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1767

_____

| | |
|---|---|
| Ahmednur Isse, | * |
| | * |
| Petitioner, | * |
| | * |
| | * Petition for Review of |
| v. | * an Order of the Board |
| | * of Immigration Appeals. |
| Michael B. Mukasey, Attorney | * |
| General of the United States, | * |
| | * |
| Respondent. | * |

_____

Submitted: January 18, 2008
Filed: May 8, 2008

_____

Before LOKEN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

LOKEN, Chief Judge.

Ahmednur Isse, a citizen and national of Somalia, fled Somalia in 1996 and lived in Kenyan refugee camps for some years until he entered the United States illegally, leaving his wife and three children in Kenya. He applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). After a hearing, the immigration judge (IJ) denied all relief, finding his claims and testimony "completely not credible." The Board of Immigration Appeals (BIA) dismissed Isse's appeal, agreeing with the IJ that he is ineligible for asylum because he failed to prove that he applied for asylum within one year of entering this country, see 8 U.S.C. § 1158(a)(2)(B, D), and upholding the IJ's adverse credibility finding.

Isse did not seek judicial review of this final order of removal. Instead, he filed a timely motion to reconsider with the BIA. He now petitions for review of the BIA's order denying that motion, a ruling we review for abuse of discretion. Boudaguian v. Ashcroft, 376 F.3d 825, 828 (8th Cir. 2004). We deny the petition for review.

Like the petitioner in Boudaguian, much of Isse's brief on appeal is devoted to arguing that the BIA erred in its initial order affirming the IJ's denial of relief. However, our jurisdiction is limited to reviewing the denial of the motion to reconsider. 376 F.3d at 827. The applicable regulation provides that a motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). The BIA abuses its discretion if its decision "is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004), cert. denied, 544 U.S. 962 (2005). Isse argues that the BIA abused its discretion in rejecting two reasons that warranted granting his motion to reconsider.

1. In denying Isse's application for asylum, withholding of removal, and CAT relief, the IJ determined that Isse had filed a frivolous asylum application, a determination that made him "permanently ineligible for any benefits" under the immigration laws. 8 U.S.C. § 1158(d)(6). In its initial order, the BIA vacated this determination on the ground that it was based in large part on Isse presenting fraudulent birth certificates that were not material to the asylum claim and therefore were not grounds for a frivolity determination. See 8 C.F.R. § 1208.20.

In his motion to reconsider, Issue asserted that the frivolous application determination "infected" the IJ's adverse credibility finding because both were based on birth certificates the IJ considered fraudulent. Therefore, the BIA should either

review the credibility determination *de novo* or remand to the IJ to re-analyze the credibility determination. The BIA responded:

> [Isse] has failed to show that the frivolous and credibility determinations were inextricably linked . . . given that each issue involves a different legal standard . . . . Moreover, our conclusion that the [IJ's] adverse credibility determination was not clearly erroneous was expressly due to material inconsistencies in [Isse's] claim which undermined the heart of his asylum application, while our discussion on the frivolous finding did not examine such discrepancies as it was limited to the [IJ's] appraisal of the authenticity of the birth certificates of [Isse's] children.

(Citations omitted.)

Isse's petition for review argues at length that the BIA abused its discretion by ignoring "the relevant fact" that the fraudulent birth certificates "seeped into almost every part of the [IJ's] adverse credibility finding." We are not persuaded. After careful review of the administrative record, we conclude that it fully supports the BIA's rational explanation of why this contention failed to specify an error of fact or law in the BIA's prior decision. Accordingly, there was no abuse of discretion.

2. At the asylum hearing, Isse testified that members of a more powerful Somali clan came to his family home in 1996, broke Isse's leg, killed his father, raped his wife and sister, and threatened further violence. The IJ's adverse credibility finding was based in part on the fact that he did not mention the rapes in his asylum application or during his initial asylum interview. In upholding the credibility finding, the BIA's initial order referred to this omission as one of the "material inconsistencies related to the heart of [Isse's] asylum application."

In his motion to reconsider, Isse argued that the BIA's initial order erred in upholding the IJ's adverse credibility finding because the BIA mislabeled mere

-3-

omissions -- Isse's failure to recount the rapes of his wife and sister in his initial asylum application and interview -- as "material inconsistencies" that undermined the credibility of his asylum claim. The BIA responded:

> [Isse] failed to show that the inconsistencies and omissions that were addressed in our prior decision were improperly considered in our credibility analysis. Specifically, to the extent that [Isse] indicates that the omission of his wife's and sister's rape in his asylum application should not have bearing on his credibility . . . he has failed to substantiate this argument with any reasoned analysis given that such abuse is clearly material to his eligibility for relief. *See Zheng v. Gonzales*, 415 F.3d 955, 960 (8th Cir. 2005) . . . . Thus, we find that [Isse] has not demonstrated any error in our decision finding no clear error in the [IJ's] negative credibility finding. (Footnote omitted.)

On appeal, Isse reargues the merits of the IJ's credibility analysis and then asserts that the BIA erred in determining that his wife's and sister's rapes were material inconsistencies because those rapes "did not form the crux of [his] original claim for asylum." We reject this circular reasoning. Isse did not mention the rapes in his application and initial interview, yet he brought them to the agency's attention at the hearing in support of his asylum claim. As the BIA noted -- indeed, as Isse argued in another section of his brief -- such violent physical abuse of a petitioner's immediate family on account of a protected ground (here, membership in a particular social group) is directly relevant to whether he suffered past persecution and has a well-founded fear of future persecution in that country. Therefore, the BIA gave a rational explanation for denying the motion to reconsider this aspect of its initial order. Again, there was no abuse of discretion.

We deny the petition for review.

_____

-4-