# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2627

_____

|  |  |  |
|---|---|---|
| Li Yun Lin, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of an Order |
| | * | of the Board of Immigration Appeals. |
| Michael B. Mukasey, Attorney | * | |
| General of the United States, | * | **[PUBLISHED]** |
| | * | |
| Respondent. | * | |

_____

Submitted: May 16, 2008
Filed: May 23, 2008

_____

Before LOKEN, Chief Judge, BEAM and BYE, Circuit Judges.

_____

PER CURIAM.

Li Yun Lin, a native and citizen of the People's Republic of China, entered the United States with fraudulent documents, conceded removability, and applied for asylum, withholding of removal, and relief under the Convention Against Torture, claiming past and a well-founded fear of future persecution under China's one-child policy. At the asylum hearing, Lin testified that Fujian Province family planning officials forced her to have an abortion when four months pregnant, and she subsequently fled her home rather than submitting to insertion of a contraceptive intra-uterine device. Lin testified that she would be forcibly sterilized if removed to China.

The immigration judge (IJ) denied all claims for relief in May 2003, finding Lin "completely not credible." Lin filed a timely administrative appeal. In November 2004, the Board of Immigration Appeals (BIA) affirmed the IJ's adverse credibility finding and the denial of all relief. Lin did not petition for judicial review.

In January 2007, Lin filed with the BIA an untimely motion to reopen the removal proceedings "based on changed country conditions," relying on "the evidence referenced" in recent Second Circuit decisions and the birth of two children in the United States in May 2002 and May 2004. The BIA denied the motion to reopen. Lin petitions for judicial review of that order. Concluding that this appeal is governed by our recent decision in Zhong Qin Zheng v. Mukasey, --- F.3d ---, 2008 WL 1867079 (8th Cir. 2008), we deny the petition for review.

Lin's motion to reopen was untimely. See 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). Therefore, the motion was time-barred unless she made a sufficient showing of changed country conditions in China with evidence that "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); see 8 U.S.C. § 1229a(c)(7)(C)(ii). The birth of children in the United States is a change of personal circumstance, not a change in country conditions. See Wen Ying Zheng v. Mukasey, 509 F.3d 869, 871 (8th Cir. 2007). Because motions to reopen are disfavored, particularly untimely motions to reopen, we review the BIA's decision regarding changed country conditions under a highly deferential abuse of discretion standard. Zhong Qin Zheng, 2008 WL 1867079 at *1.

Lin argues that the BIA abused its discretion by refusing to reopen and remand to the IJ for consideration of newly discovered evidence demonstrating there is a policy in Fujian Province of sterilizing all persons with two or more children, including those with foreign born children. The argument is based upon documents that caused the Second Circuit to remand for further consideration of the changed-

-2-

country-circumstances issue in <u>Shou Yung Gou</u>, 463 F.3d 109, 114-15 (2d Cir. 2006); <u>cf.</u> <u>Tian Ming Lin v. U.S. Dep't of Justice</u>, 473 F.3d 48 (2d Cir. 2007), which also remanded on the basis of "the <u>Shou Yung Guo</u> documents," but not on the issue of *changed* country conditions. In a lengthy decision issued twelve days before its decision in this case, the BIA considered the <u>Shou Yung Guo</u> documents in the context of a direct appeal, rather than an untimely motion to reopen, and concluded they did not establish that Fujian Province has a policy of abortions and sterilizations "implemented through physical force or other means that would amount to persecution." <u>Matter of J-W-S-</u>, 24 I&N Dec. 185, 192 (BIA 2007); <u>see also</u> <u>Matter of C-C-</u>, 23 I&N Dec. 899 (BIA 2006). In the subsequent decision in this case, the BIA not surprisingly concluded that Lin had not demonstrated *changed* country conditions, citing its decision in <u>Matter of J-W-S</u> and noting that Lin did not submit the <u>Shou Yung Guo</u> documents with her motion to reopen. A few months later, in another lengthy opinion, the BIA denied the untimely motion to reopen in <u>Shou Yung Guo</u> on remand from the Second Circuit, concluding that the evidence relating to Fujian Province "does not indicate that conditions in China have changed materially since the last hearing such that the applicant would have an objective well-founded fear of persecution upon return to China." <u>Matter of S-Y-G-</u>, 24 I&N Dec. 247, 258 (BIA 2007).

In <u>Zhong Qin Zheng</u>, 2008 WL 1867079 at *3-4, we cited the BIA's decisions in <u>Matter of J-W-S-</u>, <u>Matter of C-C-</u>, and <u>Matter of S-Y-G-</u> in affirming the BIA's denial of an untimely motion to reopen based upon an alleged increased use of forced abortions and sterilizations in Fujian Province. Lin's appeal is even weaker than the petitioner's in <u>Zhong Qin Zheng</u> because Lin did not place any of the <u>Shou Yung Guo</u> documents in the administrative record, <u>see</u> 8 U.S.C. § 1252(b)(4)(A), and because her supporting affidavits from family members in China alleged forced sterilizations in 1980 and 2003, evidence that, even if credible and material, clearly could have been presented at the asylum hearing or to the BIA on direct appeal.

"The BIA abuses its discretion if its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Isse v. Mukasey, --- F.3d ---, 2008 WL 1969736, *1 (8th Cir. 2008) (quotations omitted). In her brief, Lin asserts that the BIA "turned a blind eye" to the evidence she offered and denied her motion in conclusory and "boilerplate" terms, going so far as to suggest agency bad faith and a violation of due process. To the contrary, the agency's decisions since the Second Circuit's remand in Shou Yung Guo demonstrate careful consideration of these issues and a rational explanation of its decisions. It is Lin who has submitted a "boilerplate," untimely motion to reopen and a carelessly argued petition for judicial review, no doubt for the reasons of delay that have caused these motions to be viewed with disfavor, by Congress as well as by the courts.

We deny the petition for review.

_____