CHUN XIAN CHAN, a.k.a. Lai Kuen Low, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General, Respondents.

No. 07–4125–ag.

United States Court of Appeals, Second Circuit.

June 24, 2008.

---

we decline to consider that issue. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

Dehai Zhang, Flushing, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Chun Xian Chan, a native and citizen of the People's Republic of China, seeks review of a September 12, 2007 order of the BIA denying her motion to reopen. *In re Chun Xian Chan a.k.a. Lai Kuen Low,* No. A77 957 857 (B.I.A. Sep. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

We conclude that the BIA did not abuse its discretion in denying Chan's motion to reopen as untimely and numerically barred. Chan's second motion to reopen was more than two years after the BIA's October 2004 decision affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture. Moreover, the BIA properly found that Chan failed to show that her motion to reopen met an exception to the time and numeri-

cal limitations based on changed country conditions in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Chan argues that the family planning policy will apply to her in a different manner than before she gave birth to two children in the United States, and that such a difference amounts to a change in country conditions. That argument is unavailing. Merely reframing her change in personal circumstances as a change in country conditions in China does not bring Chan's motion within the exceptions to the time and numerical limitations for motions to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam).

Furthermore, we find that the BIA did not abuse its discretion in concluding that Chan failed to "show a material change in the family planning policy of the Fujian Province." *See* 8 C.F.R. § 1003.2(c)(3)(ii). As the BIA properly noted, much of Chan's evidence predated her October 2002 hearing. Thus, it was not new or previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1). Regardless, these documents did not show changed country conditions in China.

As the BIA observed, neither the May 2003 U.S. Department of State Consular Information Sheet for China nor the March 2006 notice issued by the Fujian Provincial Population and Family Planning Office ("2006 notice")[1] show a material change in the family planning policy in Fujian Province. Indeed, the Consular Information Sheet states that "if one or both parents of a child are PRC nationals who have not permanently settled in another country, then China regards the child as a PRC national and does not recognize any other citizenship the child may acquire at birth, including U.S. citizenship." In turn, the 2006 notice states that an "illegal birth ... shall be dealt with in compliance with relevant provisions of the 'Regulations on Population and Family Planning of Fujian Province.'" Chan argues that these documents reveal a "change" in circumstances in the application of Fujian Province's preexisting policies. However, nothing in the record reveals how Chinese citizens with U.S. citizen children were treated prior to October 2002. *See Zhong Qin Zheng v. Mukasey*, 523 F.3d 893, 896 (8th Cir. 2008) (holding that the BIA did not abuse its discretion in concluding that there was no change in conditions where the record contained no evidence of relevant conditions in Fujian Province prior to the alien's hearing).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

---

1. This notice was not issued to Chan. Rather, it was purportedly issued to an individual named Yu He Zheng.