# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3894/07-2214

_____

Ming Lin Zhang,                *

                          *

        Petitioner,      *

                          *  Petitions for Review of

    v.                 *  Orders of the Board

                          *  of Immigration Appeals.

Michael B. Mukasey,[1]    *

                          *  [UNPUBLISHED]

        Respondent.    *

_____

Submitted: October 28, 2008
Filed:  November 3, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this consolidated matter, Chinese citizen Ming Lin Zhang petitions for review of (1) an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT) (No. 06-3894); and (2) a BIA order denying her motion to reopen (No. 07-2214).  After carefully reviewing the record, we deny both petitions.

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

In 1999 Zhang applied for asylum and related relief on the ground that Chinese authorities had forced her to abort a pregnancy and to wear an intrauterine contraceptive device. Zhang later admitted that these claims were false, but she insisted that she nonetheless feared persecution if returned to China because she had become pregnant with a second child, in violation of China's one-child family-planning policy (Zhang now has three children). Finding Zhang not credible because she had engaged in ongoing deceit, the IJ denied asylum both on the merits and as a matter of discretion.

We conclude Zhang has waived any challenge to the denial of asylum on discretionary grounds, because she does not raise any argument about it in her counseled petition and brief on appeal, see Averianova v. Mukasey, 509 F.3d 890, 892 n.1 (8th Cir. 2007); thus, we affirm the denial of her asylum claim without regard to the merits of the adverse credibility finding, see Chen v. Mukasey, 510 F.3d 797, 803 (8th Cir. 2007) (even if petitioner prevailed on argument that IJ's adverse credibility finding was erroneous, appeals court would be obliged to deny review of asylum claim because petitioner made no argument against denial of asylum on discretionary ground). We also conclude that Zhang has waived review of the CAT claim by not challenging the denial of CAT relief before the BIA. See Ateka v. Ashcroft, 384 F.3d 954, 957 (8th Cir. 2004) (if petitioner fails to raise issue in appeal to BIA, petitioner has not exhausted administrative remedies as required).

As to the denial of withholding of removal based on China's family-planning policy, an issue Zhang properly exhausted and raises on appeal, we conclude it is supported by substantial evidence. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review). First, the record supports the IJ's adverse credibility finding, which provides a reasoned basis to disbelieve Zhang's claim that she subjectively fears enforcement of the family-planning policy. See S-Cheng v. Ashcroft, 380 F.3d 320, 323 (8th Cir. 2004) (adverse credibility finding based on lies in entry and asylum applications provided reasoned basis to disbelieve claims that

alien planned to have more children and subjectively feared China's enforcement of population-control law).  Second, based on the country-conditions evidence in the record, we cannot say that the evidence is so compelling that no reasonable fact finder could adopt the IJ or BIA's position.[2]  See Osonowo v. Mukasey, 521 F.3d 922, 927 (8th Cir. 2008) (appeals court may not reweigh evidence, and denial of relief is upheld unless alien demonstrates evidence was so compelling that no reasonable fact finder could fail to find requisite fear of persecution).

Finally, we conclude that the BIA did not abuse its discretion in denying Zhang's motion to reopen because the new evidence would not change the result of the proceedings.  See Alanwoko v. Mukasey, 538 F.3d 908, 914 (8th Cir. 2008) (standard of review); cf. Li Yun Lin v. Mukasey, 526 F.3d 1164, 1165-66 (8th Cir. 2008) (per curiam) (noting recent decisions in which BIA has held that Shou Yung Guo[3] documents do not establish Fujian Province has policy of abortions and sterilizations implemented through physical force or other means amounting to persecution).

Accordingly, we deny the petitions.

_____

[2]The IJ's refusal to admit an affidavit by retired demographic expert John Aird after the proceedings were closed was consistent with immigration regulations.  See 8 C.F.R. § 1003.31(c).

[3]The documents Zhang sought to present were similar to those presented by the alien in Shou Yung Guo v. Gonzales, 463 F.3d 109, 114-15 (2d Cir. 2006), petition for review denied following remand, Shao v. Mukasey, Nos. 07-2666, 07-2689, 07-3415, 08-1091, 2008 WL 4531571 (2d Cir. Oct. 10, 2008).