# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3101

_____

Ju Qin Wu

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States of America

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 19, 2015
Filed: February 1, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ju Qin Wu ("Wu") seeks review by this court of a final order of removal issued by the Board of Immigration Appeals ("BIA") denying his motion to reopen. This denial resulted in a final administrative decision subject to judicial review. We have jurisdiction to review a final removal order of the BIA under 8 U.S.C. § 1252(a). We deny the petition for review.

Wu is a citizen and native of China. He entered the United States in 2001. An immigration judge initially denied Wu's application for asylum and withholding of removal. That decision was upheld by the BIA, but the United States Court of Appeals for the Second Circuit remanded for a new hearing on Wu's application for withholding of removal. See Ai Fang Xie v. Gonzales, 208 F. App'x 51 (2d Cir. 2006) (unpublished per curiam). Venue was changed from New York, New York to Kansas City, Missouri. In 2010, an immigration judge ("IJ") conducted a hearing and then issued a written decision denying Wu's petition for withholding of removal. The BIA dismissed Wu's appeal from the IJ's decision, concluding the IJ had not erred in denying the application for withholding of removal. This court denied Wu's petition for review. See Ju Qin Wu v. Holder, 550 F. App'x 339 (8th Cir. 2014) (unpublished per curiam).

Wu then filed a motion to reopen with the BIA, arguing country conditions had changed in China. Specifically, China's treatment of Christians had worsened, and its enforcement of the family planning policy in his home province had become more stringent. Wu argued due to these changed country circumstances, his motion to reopen was exempt from filing deadlines. The BIA denied the motion, noting the motion was untimely and concluding Wu had failed to demonstrate that an exception to the filing deadline applied.

Wu concedes that his motion to reopen is untimely on its face. See 8 U.S.C. § 1229a(c)(7)(C)(i) ("[T]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."); see also 8 C.F.R. § 1003.2(c)(2) (same). The time-bar is not applied, however, where a petitioner can make a sufficient showing of changed country conditions through evidence that "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); see 8 U.S.C. § 1229a(c)(7)(C)(ii). "Because motions to reopen are disfavored, particularly untimely motions to reopen, we review the BIA's decision regarding changed country conditions under a highly

deferential abuse of discretion standard." Li Yun Lin v. Mukasey, 526 F.3d 1164, 1165 (8th Cir. 2008) (per curiam) (citing Zhong Qin Zheng v. Mukasey, 523 F.3d 893, 894 (8th Cir. 2008)).

"The BIA abuses its discretion if its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Isse v. Mukasey, 524 F.3d 886, 887 (8th Cir. 2008) (quotations omitted). The BIA has been criticized by other circuits for failing to meaningfully review the documents submitted by petitioners in support of their argument of changed country conditions. See Fei Yan Zhu v. Att'y Gen., 744 F.3d 268 (3d Cir. 2014); Ji Cheng Ni v. Holder, 715 F.3d 620 (7th Cir. 2013). Like the petitioners in those cases, Wu argues that the BIA failed to meaningfully review his documents submitted with his motion to reopen. We agree that the BIA has an obligation, "[s]hould the BIA find that no relevant change has occurred," to provide "a 'reasoned explanation for its finding that [a petitioner] ha[s] not provided evidence of changed conditions.'" Ji Cheng Ni, 715 F.3d at 623 (quoting Gebreeyesus v. Gonzales, 482 F.3d 952, 955 (7th Cir. 2007)).

Here, the BIA provided a reasoned explanation for why Wu has failed to demonstrate changed country circumstances. We have reviewed the evidence Wu submitted in support of his motion to reopen, and we agree with the BIA's determination that the majority of the evidence consists of reports, articles, and findings predating 2010. Thus, this submitted evidence cannot show a change in country circumstances after the IJ determined Wu did not qualify for withholding of removal in 2010. We further agree that the balance of the submitted evidence does not demonstrate a worsening, but only a continuation, of the conditions existing in China in 2010 pertaining to the one-child policy and the treatment of Christians. In essence, Wu is seeking another appeal of the IJ's 2010 decision through his motion to reopen. The BIA here conducted a detailed review of the submitted documents and

explained why those documents do not support his claim of changed country circumstances. Thus, the BIA did not abuse its discretion in denying Wu's motion to reopen.

Accordingly, we deny Wu's petition for review.

_____