# United States Court of Appeals

## For the Eighth Circuit

---

No. 17-2266

---

Jenericah Kibe

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

---

Petition for Review of an Order of the
Board of Immigration Appeals

---

Submitted: April 12, 2018
Filed: June 29, 2018
[Unpublished]

---

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

---

PER CURIAM.

The sole question presented on this appeal is whether the Board of Immigration Appeals ("BIA") abused its discretion in denying Jenericah Kibe's second motion to reopen her immigration proceedings. We previously affirmed the denial of her first motion to reopen. See Kibe v. Lynch, 641 F. App'x 681 (8th Cir.) (unpublished) (per

curiam), <u>cert. denied</u>, 137 S. Ct. 570 (2016). On this appeal, we again find the BIA "acted within its discretion" in dismissing the second motion to reopen. <u>Id.</u>

Under the governing regulations, "[g]enerally[] an alien may file only one motion to reopen removal proceedings." <u>Averianova v. Holder</u>, 592 F.3d 931, 936 (8th Cir. 2010). A second motion to reopen is granted in rare situations. As relevant here, such a motion may be granted if the petitioner is able to show "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA found that Kibe did not show "changed circumstances." We afford the BIA great latitude in that determination and we review under a "highly deferential abuse of discretion standard." <u>Li Yun Lin v. Mukasey</u>, 526 F.3d 1164, 1165 (8th Cir. 2008) (per curiam).[1]

The BIA did not abuse its discretion here. Kibe, a native of Kenya, attempted to prove that female genital mutilation ("FGM") was becoming more prevalent in Kenya and specifically in her native tribe. To do that, she submitted, among other things: (1) an affidavit from herself; (2) an affidavit from her mother; and (3) an article from August 2000 describing FGM practices in Kenya. The BIA did not err, under our precedent, in rejecting the first two pieces of evidence as self-serving and speculative. <u>Cf.</u> <u>Zhong Qin Zheng v. Mukasey</u>, 523 F.3d 893, 896 (8th Cir. 2008) (finding "BIA was not required to credit" an "uncorroborated affidavit" from a family member); <u>but see</u> <u>Shouchen Yang v. Lynch</u>, 822 F.3d 504, 508 (9th Cir. 2016). And the BIA was correct to note that "an article . . . from 2000 does not demonstrate a material change in conditions . . . since the respondent's hearing in 2014." <u>Cf.</u> <u>Zeah</u>

---

[1]Kibe inaccurately labels her claim as one involving due process. <u>Martinez v. Lynch</u>, 785 F.3d 1262, 1264 n.2 (8th Cir. 2015) ("On appeal, Martinez characterizes his arguments as 'Due Process' claims, though they are more accurately characterized as claims that the BIA incorrectly determined that Martinez did not show changed country conditions to permit review of his motion to reopen.").

v. Lynch, 828 F.3d 699, 704 (8th Cir. 2016) (evidence of harm prior to "[petitioner's] removal proceedings" is insufficient to show "changed country conditions").

Because Kibe did not submit evidence sufficient to show "changed circumstances" in Kenya, we affirm the BIA's denial of her second motion to reopen.

_____