# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1213

_____

Gustavo Martinez

*Petitioner*

v.

Loretta E. Lynch[1]

*Respondent*

_____

No. 14-1926

_____

Gustavo Martinez

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

[1]Loretta E. Lynch has been appointed to serve as Attorney General of the United States and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

_____

Submitted: January 15, 2015
Filed: May 12, 2015
_____

Before COLLOTON, BEAM, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Gustavo Martinez, a native and citizen of Guatemala, sought to reopen his removal proceedings and obtain asylum under 8 U.S.C. § 1158(a)(1), which the Immigration Judge (IJ) denied. The Board of Immigration Appeals (BIA) affirmed the IJ's denial of Martinez's motion to reopen. Martinez then filed a motion for reconsideration, which the BIA denied. Martinez seeks review as to both his motion to reopen and his motion for reconsideration. Having jurisdiction to consider this appeal under 8 U.S.C. § 1252, we affirm.

## I. Background

Martinez was born in Guatemala to his Mexican mother and a father he never knew. His mother left him in the care of a woman in Guatemala when she moved back to Mexico and eventually married an American and moved to the United States. As a teenager, Martinez was a member of a church youth group in Guatemala. He contends the gangs in the area committed violent acts and threatened violence against individuals in the community who refused to sell drugs for the gang. Martinez entered the United States on June 16, 1999, when he was 17, in order to join his mother.

Martinez was issued a Notice to Appear by U.S. Border Patrol on June 18, 1999. Martinez missed his second immigration hearing, and the immigration court issued an order that Martinez be removed, in absentia, in 2000. In April 2010,

Martinez filed his first motion to reopen his removal proceedings, which was eventually granted after an appeal to the BIA. On October 22, 2012, the IJ held a hearing and granted Martinez voluntary departure by February 19, 2013, and alternatively ordered that Martinez be removed to Guatemala.

On February 20, 2013, Martinez filed a motion to reopen the October 2012 removal proceedings, well past the 90-day deadline in 8 U.S.C. § 1229a(c)(7)(C)(i). The IJ found that Martinez failed to show changed country conditions after his October hearing to cure the untimeliness of his motion. On December 30, 2013, the BIA affirmed the IJ's denial of Martinez's motion to reopen.

Martinez moved for reconsideration of the BIA's December 2013 decision. With the motion, he included an affidavit from an aunt, who stated the gangs in Guatemala "now" single out members of the church youth group to which Martinez belonged when he lived in Guatemala. The BIA denied Martinez's motion for reconsideration, concluding that Martinez failed to specify any errors of law or fact and that he failed to establish changed country conditions to support his underlying motion to reopen. Martinez timely appealed.[2]

---

[2]On appeal, Martinez characterizes his arguments as "Due Process" claims, though they are more accurately characterized as claims that the BIA incorrectly determined that Martinez did not show changed country conditions to permit review of his motion to reopen. See Hunan v. Mukasey, 519 F.3d 760, 763–64 (8th Cir. 2008) (rejecting the claimant's attempt to characterize factual questions as constitutional due process questions, because his due process arguments merely consisted of allegations that the BIA had incorrectly found he failed to show changed country conditions). To the extent Martinez argues the BIA failed to consider evidence before it in denying Martinez's motion to reopen and motion to reconsider, we find this argument unsupported by the record, and we therefore reject this assertion. See id. at 764.

## II. Discussion[3]

"We review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or reasoning of the IJ, we also review the IJ's decision as part of the final agency action." Matul-Hernandez v. Holder, 685 F.3d 707, 710–11 (8th Cir. 2012) (quotation omitted). We review "the BIA's denial of the motion to reopen for abuse of discretion." Sidikhouya v. Gonzales, 407 F.3d 950, 951 (8th Cir. 2005). We also review the BIA's decision denying a motion to reconsider for an abuse of discretion. Al Milaji v. Mukasey, 551 F.3d 768, 774 (8th Cir. 2008). These motions are "disfavored because they undermine the government's legitimate interest in finality, which is heightened in removal proceedings 'where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir. 2008) (quoting INS v. Doherty, 502 U.S. 314, 323 (1992)). The BIA's discretion on these motions is therefore broad. Id.

"The BIA abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." Id. However, to the extent this court must review the BIA's legal determinations, the standard of review is "de novo, according substantial deference to the BIA's interpretation of the statutes and regulations it administers." Matul-Hernandez, 685 F.3d at 711 (quotation omitted).

---

[3]The government argues Martinez waived any issues regarding changed country conditions and his motion for reconsideration on appeal by failing to argue the issues in his opening brief. We conclude he sufficiently set forth his arguments on appeal and will address them on the merits.

### A. Motion to Reopen

On October 22, 2012, Martinez was ordered to be removed to Guatemala, and he filed a motion to reopen those removal proceedings on February 20, 2013. Pursuant to 8 U.S.C. § 1229a(c)(7)(C)(i), a motion to reopen must be filed within 90 days of the removal order. Martinez concedes his motion to reopen was therefore untimely. His untimeliness could be cured, however, if he demonstrated his motion was "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

The only evidence unavailable to Martinez until after his October 22, 2012, hearing, and therefore supportive of Martinez's argument of changed country conditions, was the death of his friend Harwi Perez in Guatemala in February 2013. The BIA reasoned as follows:

> [Martinez] has not explained or shown whether Harwi Perez was involved in the same church youth group that he belonged to, or how he was similarly situated as him such that his death is material to the respondent's asylum or withholding of removal claim. While the respondent suggests that Harwi Perez was killed because he refused to sell drugs, the article reported that there was an indication that the death was "an adjustment of accounts or personal vendetta . . . ."

After an independent review of the record, we agree with the BIA's assessment. Unfortunately, the type of violence suffered by Perez was occurring at the time of Martinez's October 2012 hearing; and Martinez offered nothing to show that this particular death somehow reflected a change in country conditions in Guatemala. When denying a motion to reopen, the BIA does not abuse its discretion if it concludes "that the evidence reflects conditions substantially similar to those that existed at the time of [the petitioner's removal] hearing." Zhong Qin Zheng v.

-5-

Mukasey, 523 F.3d 893, 896 (8th Cir. 2008) (internal quotation marks omitted). Because Perez was a friend, his death was understandably a matter of personal concern to Martinez. However, Martinez failed to show that Perez's death was evidence of changed country conditions in Guatemala following his hearing on October 22, 2012, so he did not cure the untimeliness of his motion to reopen his removal proceedings. It was not an abuse of discretion for the BIA to deny Martinez's motion to reopen.

## B.    Motion for Reconsideration

In his motion for reconsideration, Martinez again argues he has shown changed country conditions and has supported his asylum application with sufficient evidence. A motion to reconsider must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C).

In support of his motion for reconsideration, Martinez emphasized his aunt's affidavit, in which she states the gangs "now" single out members of the church youth group because of their refusal to join the gangs. The aunt's affidavit, however, also states that when Martinez lived in Guatemala, he "also refused to sell drugs for the MS 13 gang" and that the gangs in Guatemala "are very dangerous criminals that torture and kill innocent people that have refused to sell drugs for them." The aunt's affidavit thus supports the BIA's decision because the problem Martinez fears is not a new one—gangs have been threatening and perpetrating violence against those who refuse to join their ranks since Martinez lived in Guatemala. Sadly, such conditions have plagued Guatemala since Martinez left for the United States, and they do not amount to "changed country conditions arising in the country of nationality" for purposes of reopening his removal proceedings. 8 U.S.C. § 1229a(c)(7)(C)(ii).

Additionally, Martinez re-states his argument that Perez's death illustrates changed country conditions. He contends that the evidence of Perez's death, in

combination with the statements in his aunt's affidavit, sufficiently tie Perez's death to Martinez to demonstrate the harm Martinez would face if he returned to Guatemala. As the BIA recognized in its order denying Martinez's motion for reconsideration, Perez's death—even if he was killed because he refused to sell drugs for Guatemala gangs—did not establish changed country conditions since Martinez's October 2012 hearing. Rather, the arguments made by Martinez regarding Perez's death were similar to the arguments Martinez made at that hearing—that gangs were harming those who refused to work for them.

Martinez failed to "specify the errors of law or fact" in the BIA's decision affirming the denial of his motion to reopen because of his failure to establish changed country conditions. See 8 U.S.C. § 1229a(c)(6)(C). The BIA did not abuse its discretion in denying Martinez's motion for reconsideration.

### III. Conclusion

For the reasons above, we affirm the BIA's decisions on both of Martinez's motions.

_____