# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3103

_____

Eluid Harodi Villatoro-Ochoa

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 20, 2016
Filed: January 4, 2017

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

After unsuccessfully seeking withholding of removal, Eluid Harodi Villatoro-Ochoa, a native and citizen of Guatemala, filed an untimely motion to reopen his removal proceedings. To excuse the untimeliness of his motion, Villatoro-Ochoa asserted changed country conditions in Guatemala. The BIA concluded that Villatoro-Ochoa failed to establish changed country conditions and denied his motion to reopen. We affirm.

## I. Background

Villatoro-Ochoa was a pastor with an evangelical Christian church in Guatemala. He contends that gangs in the area threatened, harassed, and extorted him because the gangs did not want him to influence gang members to leave the gang or deter new members from joining. Due to these threats, Villatoro-Ochoa left Guatemala and entered the United States without inspection in March 1998.

Villatoro-Ochoa was issued a Notice to Appear on October 31, 2003. He admitted the Notice's factual allegations and conceded removability. He filed an application for withholding of removal on April 2, 2007, based on threats and gang violence in Guatemala. The IJ denied the application for withholding of removal on October 15, 2009, finding that Villatoro-Ochoa was not credible and that, even if he were credible, he did not meet the burden for withholding of removal. Villatoro-Ochoa appealed to the BIA, and the BIA affirmed the IJ's denial of relief on February 14, 2012.

On October 19, 2012, Villatoro-Ochoa filed a motion to reopen his removal proceedings, well past the 90-day filing deadline in 8 U.S.C. § 1229a(c)(7)(C)(i). The IJ dismissed the motion for lack of jurisdiction. Villatoro-Ochoa appealed to the BIA and filed a second, separate motion to reopen with the BIA on January 18, 2013. On August 21, 2015, the BIA dismissed the appeal and denied Villatoro-Ochoa's second motion to reopen. The BIA concluded that because Villatoro-Ochoa's motion to reopen was untimely, he was required to show changed country conditions after the IJ's October 15, 2009 decision. The BIA found that he failed to establish changed country conditions. Villatoro-Ochoa timely appealed.

## II. Discussion

"We review 'the BIA's denial of the motion to reopen for abuse of discretion.'" Martinez v. Lynch, 785 F.3d 1262, 1264 (8th Cir. 2015) (quoting Sidikhouya v. Gonzales, 407 F.3d 950, 951 (8th Cir. 2005) (per curiam)). The BIA has broad discretion on motions to reopen, and "[t]hese motions are 'disfavored because they undermine the government's legitimate interest in finality, which is heightened in removal proceedings where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" Id. at 1264–65 (quoting Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir. 2008)). The BIA abuses its discretion if it does not give a rational explanation for its decision or ignores or distorts evidence. Id. at 1265.

On February 14, 2012, the BIA affirmed the IJ's underlying denial of relief and ordered Villatoro-Ochoa removed to Guatemala. He moved to reopen his removal proceedings on January 18, 2013.[1] Under 8 U.S.C. § 1229a(c)(7)(C)(i), a motion to reopen must be filed within 90 days of the removal order. Villatoro-Ochoa's motion to reopen was filed 11 months after the removal order and, thus, was untimely. The statute provides an exception to the 90-day filing deadline if an applicant seeks to apply for asylum or withholding of removal and he shows that his motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

---

[1]Villatoro-Ochoa does not challenge the BIA's dismissal of his appeal from the IJ's denial of his October 19, 2012 motion to reopen. As such, that part of the BIA's decision is not at issue in this case.

Where a motion to reopen in order to file a new application for relief is filed, the motion must include the new application and supporting documents. 8 C.F.R. § 1003.2(c)(1). If the BIA determines that the applicant has not demonstrated changed country conditions based on previously unavailable evidence or that the applicant failed to establish prima facie eligibility for the relief sought, the BIA may deny the motion to reopen. Chen v. Holder, 751 F.3d 876, 878 (8th Cir. 2014).

We conclude that the BIA did not abuse its discretion in denying Villatoro-Ochoa's motion to reopen. In his motion, Villatoro-Ochoa claimed that there was increased violence in Guatemala. He also claimed gangs killed several members of his family due to their refusal to sell drugs. Villatoro-Ochoa argued that he too would be persecuted based on his membership in his family.

In support of his motion, Villatoro-Ochoa submitted his new application for asylum, withholding of removal, and protection under the Convention Against Torture. He alleged that two family members were "killed over drugs" in 2004 and 2005 and that two family members were "killed over drugs" in 2010 and 2011. Villatoro-Ochoa also submitted affidavits from his sister and sister-in-law stating that relatives were threatened and killed by gangs for refusing to sell drugs. Finally, Villatoro-Ochoa submitted documents describing conditions in Guatemala, including reports of gang violence.

The BIA concluded:

> The respondent's sister-in-law's affidavit indicates that the threat was made in 2004. The deaths of two members of the respondent's wife's family in 2010 and 2011, although tragic, are not a material change in conditions. We have considered all of the documents that the respondent submitted with his motion and conclude that they are not

sufficient to establish a material change in country conditions in Guatemala that would warrant reopening.

We agree with the BIA's assessment. During his 2009 hearing, Villatoro-Ochoa testified that gang violence was common in Guatemala and that he had been threatened by gangs. While Villatoro-Ochoa submitted documents showing that gang violence continued in Guatemala, those documents do not demonstrate materially changed conditions. Further, while four of Villatoro-Ochoa's relatives were killed by gangs, two of those deaths happened before the 2009 hearing. Thus, evidence of those deaths was available at the time of that hearing. Additionally, while the deaths of two other relatives occurred after Villatoro-Ochoa's 2009 hearing, Villatoro-Ochoa failed to demonstrate that those deaths were the result of changed country conditions. Rather, as shown by the affidavits Villatoro-Ochoa submitted, the deaths of his relatives in 2010 and 2011 were the result of the same gang violence cited by Villatoro-Ochoa in 2009.

This Court considered a similar claim of changed circumstances in Martinez v. Lynch, 785 F.3d 1262 (8th Cir. 2015). In that case, the applicant argued that the death of a friend after an earlier hearing established changed country conditions. Id. at 1265. The Court explained, "Unfortunately, the type of violence suffered by Perez was occurring at the time of Martinez's October 2012 hearing; and Martinez offered nothing to show that this particular death somehow reflected a change in country conditions in Guatemala." Id. The Court concluded that the applicant did not meet the exception for his untimely motion to reopen because he did not demonstrate that the death of his friend was evidence of changed conditions. Id.

Because Villatoro-Ochoa did not demonstrate that his relatives' deaths in 2010 and 2011 reflected changed country conditions, it was not an abuse of discretion for the BIA to deny Villatoro-Ochoa's motion to reopen. The BIA considered all the

record evidence in denying the motion[2] and gave a rational explanation for its decision.[3]

## III. Conclusion

For the reasons above, we affirm the BIA's decision on Villatoro-Ochoa's motion to reopen.

—————————————————

[2]Villatoro-Ochoa argues that the BIA violated his right to Due Process because it failed to consider all the evidence he submitted in support of his motion to reopen. This argument is unsupported by the record. See Hanan v. Mukasey, 519 F.3d 760, 764 (8th Cir. 2008).

[3]The BIA also found that Villatoro-Ochoa did not establish prima facie eligibility for asylum, withholding of removal, or protection under the CAT. Villatoro-Ochoa challenges this finding on appeal. Because the above analysis provides an alternative basis to deny Villatoro-Ochoa's petition, we need not address this issue.