United States Court of Appeals
For the Eighth Circuit
No. 16-4279

Caimin Li

*Petitioner*

v.

Jefferson B. Sessions, III

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 26, 2017
Filed: October 31, 2017
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 2016, Chinese citizen Caimin Li sought to reopen his removal proceedings based on changed country conditions in China. See 8 U.S.C. § 1229a(c)(7)(C)(i), (ii) (motion to reopen to apply for asylum relief can be filed at any time, if motion is based on material, not previously available or discoverable, evidence of changed country conditions in country of nationality or to which removal was ordered). The Board of Immigration Appeals (BIA) agreed with the Immigration Judge (IJ) that Li's

evidence did not show changed conditions, and Li petitions for review of the BIA's order. We review the challenged order under a highly deferential abuse-of-discretion standard. See Lin Yun Lin v. Mukasey, 526 F.3d 1164, 1165 (8th Cir. 2008). Li contends that the denial of his request was an abuse of discretion, arguing that the agency (1) failed to consider the entire record, in particular 2012 and 2014 reports from the Congressional-Executive Commission on China that Li cited, but did not submit, and undated media articles; and (2) "cherry-picked" the evidence it did consider. He further contends the record contained sufficient evidence that conditions for Christians in China who attended legal, unregistered churches and proselytized others, had materially changed since he was ordered removed in 2012.[1]

We find no merit in Li's contentions. The agency's decision reflects that it considered all of the evidence before it, and the BIA was not required to provide an explicit analysis of the submitted documentary evidence. See Omondi v. Holder, 674 F.3d 793, 801-02 (8th Cir. 2012) (agency must provide reasons specific enough to permit review; however, BIA need not list every possible positive and negative factor in its decision). Further, the BIA was not required to consider the unsubmitted 2012 and 2014 reports, because (1) it was Li's responsibility to supply evidence supporting his motion; and (2) more important, the Commission's 2015 report and the State Department's 2014 International Religious Freedom Report, upon which the BIA based its determination, contained the most current and relevant information regarding the circumstances in China when Li moved to reopen in 2016. See 8 U.S.C. § 1229a(c)(7)(B) (motion to reopen proceedings based on changed country conditions shall state new facts that will be proven at hearing and shall be supported by affidavits or other evidentiary material); Berte v. Ashcroft, 396 F.3d 993, 997 (8th Cir. 2005) (BIA's function is to review record, not create it; BIA will remand only if

_____

[1] In light of the BIA's independent, dispositive ground for its decision, we need not address Li's argument that he is prima facie eligible for relief. See INS v. Bagamasbad, 429 U.S. 24, 25-26 (1976).

previously unavailable evidence satisfies BIA that new evidence would likely change case result if proceedings before IJ were reopened).

Finally, we conclude that the BIA did not abuse its discretion in denying Li's motion to reopen, because Li failed to show a material change in country conditions. See Martinez v. Lynch, 785 F.3d 1262, 1265 (8th Cir. 2015) (explaining when BIA abuses it discretion). Specifically, we find that Li's evidence of the Chinese government's suppression of religious freedom, and its treatment of unregistered churches in 2014 and 2015, reflected country conditions substantially similar to those when Li was removed in 2012. See Zeah v. Lynch, 828 F.3d 699, 704 (8th Cir. 2016) (holding that evidence reflecting conditions substantially similar to those that existed at time of removal proceedings do not show change in country conditions). The petition is denied. See 8th Cir. R. 47B.

————————————————