# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1584

_____

Yesenia Garcia Payeras

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 15, 2018
Filed: August 9, 2018

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.

_____

KELLY, Circuit Judge.

Petitioner Yesenia Garcia Payeras petitions for review of an order of the Board of Immigration Appeals (BIA). After an immigration judge (IJ) denied her motion to reopen her removal proceedings and rescind its *in absentia* removal order, the BIA dismissed her administrative appeal. Having jurisdiction under 8 U.S.C. § 1252(a)(1), we grant the petition and remand for further proceedings.

## I. Background

Garcia Payeras is a native and citizen of Guatemala. She and her three minor daughters sought refuge in the United States after they were threatened by gang members. In February 2015, they were paroled into the United States and released from custody. They relocated to Sioux Falls, South Dakota. In June 2015, Garcia Payeras filed an application for asylum.[1] Her individual hearing date was originally scheduled for August 5, 2015, but was rescheduled for November 25, 2015.

From April through September 2015, Garcia Payeras went to a Sioux Falls hospital several times complaining of worsening abdominal pain in the area of her appendix. Each time she was advised to take ibuprofen. By mid-September, the pain was so intense that she flew to Guatemala, where she underwent an emergency appendectomy on September 29, 2015. After the surgery, she went to southern Mexico and has lived there since September 30, 2015.

Prior to the November hearing, Garcia Payeras's counsel moved for Garcia Payeras to appear by telephone, but the IJ denied the request. Her counsel orally moved for a continuance during the hearing, but that was also denied. The IJ then ordered Garcia Payeras and her children be removed *in absentia* for failing to appear at the hearing.

Garcia Payeras timely filed a motion to reopen, seeking to rescind the *in absentia* removal order and to reopen her asylum proceedings. She did not contest that she had received proper notice of the hearing or that she was removable. Rather, she asserted that her failure to appear was due to exceptional circumstances—her need to obtain necessary medical care outside the United States. The IJ denied the motion to reopen, concluding that, because Garcia Payeras had left the United States,

---

[1]Her children are included as derivatives on her application.

the immigration court lacked jurisdiction over her *in absentia* motion pursuant to the "departure bar" of 8 C.F.R. § 1003.23(b)(1): "A motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States."

Garcia Payeras appealed, arguing that the immigration court had jurisdiction to reopen, reasserting her claim that her failure to appear was due to her need for medical attention, and asking the BIA to remand the case to the IJ for a determination on the merits.[2] The BIA dismissed the appeal, stating, in pertinent part:

> [Garcia Payeras] does not claim that she did not receive notice of her final hearing. Rather, she argues that she did not appear at her November 25, 2015, hearing because of exceptional circumstances, and she seeks reopening to pursue her asylum claim. Specifically, [Garcia Payeras] alleges that she left the United States to receive emergency medical care she alleges was denied to her in the United States. The Immigration Judge denied [Garcia Payeras's] motion to reopen because she determined that the Immigration Court did not have jurisdiction to consider a motion to reopen made by a person who is subject to removal proceedings subsequent to her departure from the United States. See 8 C.F.R. § 1003.23(b)(1).

> While [Garcia Payeras] filed a motion to appear telephonically prior to her hearing, in the absence of adjudication of that request, she was obligated to appear at her hearing. See Barrientos v. Mukasey, 306 Fed. Appx. 326, 327 (8th Cir. 2009) (unpublished) (denial of the motion to reopen was not an abuse of discretion because the mere submission of a motion for a telephonic hearing did not relieve alien of the obligation to personally appear at the hearing, and the alien did not show exceptional circumstances to excuse his absence). . . .

---

[2]The government did not file a response to the appeal.

-3-

Moreover, as [Garcia Payeras] is not physically present in the United States, she is not eligible for asylum relief. See section 208(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a)(1). Consequently, we find no basis to disturb the Immigration Judge's decision. [Record citations removed].

Garcia Payeras petitions for review of the BIA's decision.

## II. Discussion

We review "the BIA's decision as the final agency action, but to the extent the BIA adopts the findings of the IJ, this court reviews those findings as part of the final agency action." Mayorga-Rosa v. Sessions, 888 F.3d 379, 382 (8th Cir. 2018).

We first must determine the basis on which the BIA denied Garcia Payeras's motion to reopen. Garcia Payeras points to the BIA's discussion of the IJ's reason for denying the motion to reopen, along with the fact that it found "no basis to disturb the Immigration Judge's decision," as evidence that the BIA adopted the IJ's departure bar analysis. Garcia Payeras asserts this was error and urges us to join with the majority of federal circuit courts that have invalidated this regulation. According to the government, the BIA's discussion of the IJ's decision simply provided the procedural background of the case. The government argues the BIA based its decision on its own independent analysis, not on the IJ's reasoning, and therefore the validity of the departure bar is not before us.

Although the BIA's opinion describes the IJ's reasoning, we do not read it as adopting the IJ's analysis. Rather, we agree with the government that the BIA's discussion of the IJ's jurisdictional analysis is better read as an acknowledgment of the basis for the IJ's decision. If the BIA were simply adopting the IJ's reasoning that the immigration court lacked jurisdiction to reopen, it would not have needed to provide other reasons not to disturb the IJ's decision. Therefore, "we review the

BIA's decision as the final agency action." See Mayorga-Rosa, 888 F.3d at 382. Because we conclude the BIA did not adopt the IJ's analysis, we review the BIA's reasoning. See Ortega-Marroquin v. Holder, 640 F.3d 814, 820 (8th Cir. 2011) (concluding validity of departure bar was "a hypothetical question not properly before th[e] court" where BIA had not addressed the issue).

The BIA's opinion offers two reasons for affirming the IJ's denial of the motion to reopen: (1) "[w]hile [Garcia Payeras] filed a motion to appear telephonically prior to her hearing, in the absence of adjudication of that request, she was obligated to appear at her hearing," and (2) "as [Garcia Payeras] is not physically present in the United States, she is not eligible for asylum relief." Garcia Payeras challenges both reasons. "We review the BIA's denial of the motion to reopen for abuse of discretion." Villatoro-Ochoa v. Lynch, 844 F.3d 993, 994 (8th Cir. 2017) (noting that "[t]he BIA has broad discretion on motions to reopen") (quotation omitted). "The BIA abuses its discretion if it does not give a rational explanation for its decision or ignores or distorts evidence." Id.

Both parties agree it was within the IJ's discretion to deny Garcia Payeras's request to appear telephonically at the asylum hearing. But Garcia Payeras asserts this does not address the issue raised in her motion to reopen—whether her need for emergency medical care constituted exceptional circumstances excusing her failure to appear at the hearing. See 8 U.S.C. § 1229a(e)(1) (listing "serious illness of the alien" as possible "exceptional circumstance"). She argues the BIA abused its discretion by failing to address the merits of her motion to reopen. The government counters that the reason given by the BIA must be read as a rejection of Garcia Payeras's argument that her need for emergency medical attention constituted exceptional circumstances sufficient to excuse her failure to appear at the asylum hearing.

Although we review the BIA's decision not to reopen "under a highly deferential abuse of discretion standard," we also require that the BIA actually "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Camarillo-Jose v. Holder, 676 F.3d 1140, 1142–43 (8th Cir. 2012) (quotations omitted). "The BIA abuses its discretion . . . where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Gonzalez-Vega v. Lynch, 839 F.3d 738, 741 (8th Cir. 2016) (quotation omitted). "[T]he BIA need not write an exegesis on every contention a movant advances, [but] it must give an explanation specific enough that we can discern and evaluate its reasoning." Id.; see also Garcia-Mata v. Sessions, 893 F.3d 1107, 1109 (8th Cir. 2018) (noting that when the BIA renders a decision that is subject to judicial review, it "must describe its reasoning with such clarity as to be understandable" (cleaned up)).

We agree with Garcia Payeras that the BIA did not address whether her inability to get proper medical attention constituted exceptional circumstances sufficient to excuse her failure to attend her asylum hearing. The unpublished case cited by the BIA to support its decision, Barrientos, 306 F. App'x. at 327, involves a different issue—whether moving to participate only by telephone in a removal hearing is sufficient to excuse an alien's failure to appear at the hearing. Because it does not appear to us that the BIA heard and considered whether Garcia Payeras's need for emergency medical attention constituted exceptional circumstances, we conclude that the BIA's reliance on this first reason was an abuse of discretion.

With regard to the second reason—that Garcia Payeras was ineligible for asylum relief because she was no longer in the United States—Garcia Payeras alleges that the BIA legally misconstrued 8 U.S.C. § 1158(a)(1): "Any alien who is physically present in the United States or who arrives in the United States . . . , irrespective of such alien's status, may apply for asylum . . . ." Garcia Payeras acknowledges § 1158(a)(1) requires an asylum applicant to be physically present in

the United States to *apply* for asylum, but argues that it does not require an applicant be physically present in the United States when the application is considered. The government urges us to read the BIA's second reason differently. According to the government, the BIA implicitly concluded that by leaving the United States, Garcia Payeras abandoned her initial asylum claim. See 8 C.F.R. § 1208.8(a) ("An applicant who leaves the United States without first obtaining advance parole under § 212.5(f) of this chapter shall be presumed to have abandoned his or her application [for asylum]."). The government argues that, having abandoned her original asylum claim, Garcia Payeras cannot file a new application for asylum because she is not in the United States.

The government concedes that the BIA never explicitly found that Garcia Payeras had abandoned her original asylum application. It nonetheless urges us to decide that the BIA implicitly decided that Garcia Payeras abandoned her asylum application. We decline to do so. First, under § 1208.8(a), an alien is only *presumed* to have abandoned her asylum application by leaving the United States without advance parole. Without any mention of abandonment, we will not read the BIA's decision as implicitly presuming that Garcia Payeras abandoned her asylum claim. More importantly,

> A reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.

SEC v. Chenery Corp., 332 U.S. 194, 196 (1947); see also Mouawad v. Gonzales, 485 F.3d 405, 413–14 (8th Cir. 2007) (citing Chenery in remanding the case to the BIA to consider arguments that were never explicitly considered). It is unclear to us whether the BIA interpreted § 1158(a)(1) to require an applicant be physically present

in the United States when the application for asylum is considered or considered Garcia Payeras's original asylum application abandoned because she left the United States.  Accordingly, we remand the matter to the BIA for it to determine in the first instance whether Garcia Payeras's motion to reopen "warrants a favorable exercise of the BIA's discretion."  See Gonzalez-Vega, 839 F.3d at 742 (quotation omitted).

## III.  Conclusion

The petition is granted and this matter is remanded to the agency for further proceedings consistent with this opinion.

_____